997 So.2d 75 (2008)
Sidney THORNABAR
v.
DEPARTMENT OF POLICE.
No. 2008-CA-0464.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 2008.
*76 Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
(Court composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
EDWIN A. LOMBARD, Judge.
The appellant, Sidney Thornabar, an officer with the New Orleans Police Department (NOPD), seeks review of the decision of the Civil Service Commission for the City of New Orleans, dismissing his appeal and thereby affirming the discipline imposed by the Superintendent of the NOPD. After reviewing the arguments of the parties in light of the record and applicable law, we affirm the Civil Service Commission decision.

Relevant Facts and Procedural History
The appellant was hired on November 22, 1998, and attained the level of Police Officer IV with permanent status effective March 3, 2007. Although the appellant received, and signed for, a subpoena notifying him that his appearance was required in Criminal District Court, Section "H", on April 29, 2005, he failed to appear for the court date.[1] According to the appellant's *77 testimony, he forgot about the court date. On September 20, 2006, the appellant was notified by the Superintendent that the investigation into his failure to appear was complete and that the Superintendent found that the appellant violated Department Rules and Procedures, specifically, the "Instructions from an Authoritative Source," relating to mandatory court appearances. The Superintendent issued a one-day suspension, finding a violation of the rule relative to mandatory court appearances. On appeal, the Civil Service Commission found that the Superintendent proved the appellant's conduct was detrimental to the public service and dismissed the appeal.

Assignments of Error
The appellant is now before this court on appeal, arguing that the Civil Service Commission committed manifest error in (1) dismissing his appeal pursuant to the provisions of La.Rev.Stat. 40:2531 B(7) and (2) dismissing the appeal as the NOPD failed to demonstrate that his action impaired the efficient and orderly operation of the public service.

Standard of Review
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The protection of civil service employees is only against firing (or other discipline) without cause. La. Const. art. X, § 12; Cornelius v. Dept. of Police, 07-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 00-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
The burden of proof on appeal to the Civil Service Commission is on the appointing authority. Cure, 07-0166, p. 2, 964 So.2d at 1094. The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12(B); Cure, 07-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission determination unless it is arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is "arbitrary and capricious" if there is no rational basis for the action taken by the Civil Service Commission. Cure, 07-0166, p. 2, 964 So.2d at 1095.

Discussion
First, the appellant argues that the Civil Service Commission erred in dismissing the appeal contrary to the provisions of La.Rev.Stat. 40:2531 B(7). He asserts that he was prejudiced as a result of the NOPD's delay of the internal investigation.
La.Rev.Stat. 40:2531(7) provides an investigation of a law enforcement officer "shall be completed within sixty days." Although we may agree that this statutory language should be construed in the past as mandatory, see Davis v. New Orleans Police Department, 04-1023, p. 4 (La.App. 4 Cir 2/2/05) 899 So.2d 37, 39; see also Dunn v. New Orleans Police Dept., 06-0044, p. 3 (La.App. 4 Cir. 8/9/06), 938 So.2d 217, 219, the Louisiana Supreme Court has concluded otherwise, specifically finding that, although it may be relevant to the *78 issue of prejudice, failure to comply with the statutory sixty-day time period does not require summary dismissal of a disciplinary action. Marks v. New Orleans Police Dept., 06-0575, p. 12 (La.11/29/06), 943 So.2d 1028, 1036. Accordingly, because the sixty-day provision of La.Rev. Stat. 40:2531 B(7) is aspirational, not mandatory, the Civil Service Commission's failure to address the sixty-day rule is not error. See Marks, supra. This assignment of error is without merit
Next, the appellant argues that the Civil Service Commission committed manifest error in dismissing his appeal because the NOPD failed to demonstrate his action impaired the efficient and orderly operation of the public service.
The appellant acknowledged a dereliction occurred, that he knew of the NOPD's policy regarding court appearances, and that he failed to appear in Section "H" of Criminal District Court pursuant to a lawfully issued subpoena on April 29, 2005. In our view, the failure to honor a court's subpoena ipso facto impairs the efficiency of the public service and is grounds for discipline. Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). Stated another way, the failure to honor a court's subpoena has the appearance of a constructive contempt of court. La.Code Crim. Proc. art 23(2).
The appellant's defense that he forgot about the subpoena might be a defense or grounds for mitigation in any criminal district court proceedings for contempt. However, the criminal district court's failure to cite the officer for contempt, while perhaps problematic, is not pertinent because the issue before this court on appeal relates to the officer's actions insofar as those actions relate to the operations of the appointing authority, i.e., the NOPD. The appointing authority had cause to discipline the officer and did so. No abuse of discretion is shown and the Civil Service Commission was not manifestly erroneous or clearly wrong in affirming the discipline imposed on the appellant by the Superintendent.
We find cases such as Fihlman v. New Orleans Police Dept., 00-2360 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, a case where the appointing authority was attempting to discipline a police officer who was involved in accident between two police cars, clearly distinguishable. As we stated therein:
The NOPD had the burden of proving to the Commission, by a preponderance of the evidence, the facts upon which it based its disciplinary action against Officer Fihlman. The NOPD called no witnesses at the hearing. Instead, it merely questioned Officer Fihlman and agreed to stipulate to the accident report prepared by Officer Ducote. Officer Fihlman testified that several obstructions blocked his view of any traffic traveling on North Galvez. Those obstructions were clearly noted in the accident report. In addition, as noted in the disciplinary letter, the Traffic Accident Review Board found that Officer Fihlman had stopped at the intersection and checked it for traffic before easing into it. As such, we cannot say that the Commission's finding that the appointing authority failed to prove that the accident was preventable was manifestly erroneous.
Furthermore, the NOPD offered no evidence of how Officer Fihlman's actions impaired the efficient operation of the public service other than the conclusory statement in Superintendent Pennington's disciplinary letter that Officer Fihlman had disregarded laws and policies governing traffic laws and safe driving practices and that his conduct was contrary to the standards of service prescribed *79 by Rule IX of the Rules of the Commission. As such, although the facts of the instant case are remarkably similar to those in Stevens, that case is distinguishable because therein the NOPD offered testimony regarding how the officer's actions violated police policy or otherwise impaired the efficient operation of the police department. Here, the appointing authority simply failed to offer any evidence concerning how Officer Fihlman's actions impaired the efficient operation of the public service.
Id., pp. 8-9, 797 So.2d at 788-89.
The thrust of this court's opinion in Fihlman is that the appointing authority had to explain how the collision of two police cars impaired the efficient operation of the police department. It is not readily apparent to anyone how an accidental collision of two cars impairs anything. Accidents happen. The appointing authority had the burden of showing (proving) an impairment. It did not do so therein and, accordingly, this court reversed the imposition of discipline.
As this court stated in Stevens v. Dept. of Police, 00-1682 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman, supra. [v. Department of Fire, 425 So.2d 753 (La.1983).] Indeed, the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative.
The failure to honor the subpoena in this case demonstrates an apparent lack of concern for guarding the public's safety, providing the appointing authority with just cause for disciplining the appellant. This assignment of error is without merit.

Conclusion
The decision of the Civil Service Commission is affirmed.
AFFIRMED.
BONIN, J., dissents with reasons.
BONIN, J., Dissenting with Reasons.
I respectfully dissent from the majority opinion affirming the decision of the Civil Service Commission which upheld the one-day suspension imposed upon Officer Thornabar by the appointing authority.
The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984).
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Beba v. Department of Fire, XXXX-XXXX, p. 4 (La.App. 4 Cir. 5/31/06), 933 So.2d 871, 874, citing Fisher v. Department of Health and Human Resources, Office of Human Development, 517 So.2d 318 (La.App. 1 Cir.1987). The appointing authority has the burden of proving, by a preponderance of the evidence, that the dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, XXXX-XXXX, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, XXXX-XXXX, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767.
*80 After reviewing the record in this matter, I find that the Commission erred by dismissing the appeal as the appointing authority, the NOPD, failed to demonstrate that Officer Thornabar's failure to appear in court pursuant to the subpoena impaired the efficient and orderly operation of the public service.
In this case, Officer Thornabar acknowledged at the hearing that a dereliction occurred when he failed to appear in court on April 29, 2005, pursuant to the subpoena. The appointing authority then questioned Officer Thornabar regarding the NOPD's policy relative to court appearances and his failure to appear in court. The appointing authority, however, called no witnesses and offered no evidence other than the disciplinary letter. Officer Thornabar testified the April 29, 2005 matter was continued and thereafter, the offender pled guilty. The appointing authority failed to obtain proof via witnesses or other evidence as to the cause of the continuance. Without such evidence, the appointing authority failed to prove Officer Thornabar's dereliction bore a real and substantial relationship to the efficient operation of the NOPD. Furthermore, I do not agree with the majority that Officer Thornabar's failure to honor the subpoena in and of itself impaired the efficiency of the public service and was grounds for discipline. Thus, I find no rational basis for the Commission's upholding the one-day suspension imposed by the Appointing Authority and denying Officer Thornabar's appeal.
NOTES
[1] On April 29, 2005, the criminal case involved was continued and at the next date, the offender pleaded guilty.