ROLAND L. BELSOME, Judge.
|, Sgt. Irma Regis, an employee of the New Orleans Police Department (NOPD), seeks reversal of the decision of the Civil Service Commission, denying her appeal of the discipline imposed by the appointing authority, the NOPD. For the following reasons, we affirm the Commission’s ruling.
On July 7, 2007, an individual causing a disturbance at an establishment on Bourbon St. in New Orleans was arrested. When the arrestee was placed in the patrol wagon for transport, he became combative and began banging himself up against the sides of the patrol wagon and screaming. Sgt. Russell, a supervisor on the scene, opened the doors to the patrol wagon and attempted to better secure the arrestee. Upon seeing Sgt. Russell’s actions, Sgt. Regis commented, “You are gonna (sic) kill him.” Sgt. Regis made further comments. Subsequently, the NOPD conducted an investigation into the events occurring after the arrest.
After the investigation, the NOPD disciplined Sgt. Regis, alleging she violated the NOPD rules regarding professionalism and truthfulness. The NOPD issued a letter of reprimand for the violation of the rule regarding professionalism and a three day suspension for the violation of the rule regarding truthfulness.
[¡>Sgt. Regis filed an appeal to the Commission, seeking review of the discipline imposed by the NOPD. The Commission appointed a hearing officer to take testimony. At the hearing, Lt. Derek Frick testified that he was assigned to conduct an investigation into the incident. During his investigation, Lt. Frick spoke with several officers who were on the scene. Lt. Frick determined that Sgt. Regis made statements which were unprofessional and were made in front of other officers as well as members of the public.
Lt. Frick received information from officers at the scene. The officers consistently stated that Sgt. Regis told Sgt. Russell, “You gonna (sic) kill him,” referring to the arrested individual; “I’m not gonna (sic) lose my stripes over you; you gonna (sic) cause these officers to lose their jobs;” and “I’m gonna (sic) f— him, he wants to be stupid.” Lt. Frick stated that the proper procedure would have been for Sgt. Regis to pull Sgt. Russell to the side, away from the other officers and the public, to discuss any concerns she might have had with Sgt. Russell’s handling of the arrested individual. Lt. Frick’s investigation did not reveal that the arrest was mishandled.
*263 Officers Angela Joanos, Jacquelyn Robinson, and Jason Caldwell were on the scene and attested to the statements that were made by Sgt. Regis during the arrest. Their testimony was consistent with the statements elicited in the course of Lt. Frick’s investigation.
According to Sgt. Regis’ testimony, she was on the scene but not part of the arrest. While there, she observed Sgt. Russell handling the arrestee and believed he was going to drop him onto the ground. Sgt. Regis admitted she said, “Y’all gonna (sic) kill him.” Next, Sgt. Russell placed flex cuffs on the arrestee and then placed him back into the patrol wagon. Sgt. Re-gis observed Sgt. Russell close the legate that blocks ventilation when the patrol wagon is stationary. At that time, she heard the arrestee say he could not breathe and ask for help. Eventually, Sgt. Russell entered the patrol wagon and loosened the flex cuffs and EMS was called.
Sgt. Regis admitted saying, “I’m not gonna (sic) lose my stripes for what you doing. And I’m not — these officers gonna (sic) wind up losing their jobs.” Sgt. Regis stated she believed she was in an emergency situation and may have said things she does not recall in the midst of the excitement. However, Sgt. Regis denied using the “f” word. That was consistent with her statement to the public integrity bureau.
Sgt. Regis admitted that she is aware of the NOPD’s rules governing professional conduct and that it would be unprofessional for any officer to use curse words when speaking about another officer in view of the public or other officers. Sgt. Regis further acknowledged that violating the NOPD rules governing professional conduct could humiliate or embarrass another employee and also bring discredit to the NOPD.
Upon hearing the testimony and reviewing the evidence, the hearing officer found the actions of the NOPD in disciplining Sgt. Regis to be justified. The Commission, after reviewing the evidence, dismissed the appeal, thus upholding the discipline imposed by the NOPD.
The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Pope v. New Orleans Police Dept., 2004-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause.
| ¿The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 2006-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The protection of civil service employees is only against firing (or other discipline) without cause. La. Const, art. X, § 12; Cornelius v. Dept. of Police, 2007-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 2000-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
The decision of the Commission is subject to review on any question of law or fact upon appeal to this court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12; Cure, 2007-0166, p. 2, 964 So.2d at 1094. In determining whether the disci *264 plinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Commission’s order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision of the Commission is “arbitrary and capricious” if there is no rational basis for the action taken by the Commission. Cure, 2007-0166, p. 2, 964 So.2d at 1095.
This Court has found that in reviewing the discipline of a civil servant, “[t]he Commission should give heightened regard to the appointing authorities that serve as special guardians of the public safety and operate as quasi-military institutions where strict discipline is imperative.” Whitaker v. New Orleans Police Dept., 2003-0512, p. (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575, citing Joseph v. Dept. of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980). Where there is conflicting testimony, credibility evaluations cannot be disturbed on review. Williams v. Sewerage & Water Bd., 2004-0025, p. 7 (La.App. 4 Cir. 5/19/04), 876 So.2d 117, 121, citing Moore v. New Orleans Police Dept., 2001-0174, p. 8 (La.App. 4 Cir. 3/7/02), 813 So.2d 507, 511.
In her first assignment of error, Sgt. Regis alleges the Commission erred in upholding the discipline imposed by the NOPD as the NOPD failed to prove that Sgt. Regis violated the rules governing professionalism or truthfulness.
Lt. Frick testified that his investigation revealed that four officers heard Sgt. Re-gis make the statements and three officers testified to the same at the hearing. Sgt. Regis only disputes that she made the statements containing the “f ’ word.
In this instance, the Commission chose to believe the consistent statements of the other officers over Sgt. Regis. The Commission noted Sgt. Regis’ concern for the arrested individual, but noted that the facts adduced confirm that the arrested individual was treated in accordance with departmental policy. The Commission noted that Sgt. Regis’ “choice of actions in publicly criticizing and chastising the officers who were actually engaged in gaining control of the subject, were ill-advised and embarrassing to the other officers who were doing their jobs.”
Dui’ing her testimony, Sgt. Regis claimed that the other officers got together at meetings to get their stories straight regarding this incident. However, Sgt. Regis failed to question the other officers on that issue. The Commission found the other witnesses were credible. The credibility determinations made by the Commission are not clearly contrary to the evidence and, therefore, will not be disturbed by this Court.
Inin her second assignment of error, Sgt. Regis alleges the Commission erred in upholding the discipline imposed by the NOPD as the NOPD failed to prove that her actions impaired the efficient operation of the public service. To support her argument, Sgt. Regis relies on this Court’s opinion in Fihlman v. New Orleans Police Dept., 2000-2360 (La.App. 4 Cir. 10/31/01), 797 So.2d 783. In Fihlman, the NOPD disciplined Officer Fihlman after his police vehicle collided with another police vehicle. The evidence introduced at trial consisted of the testimony of Officer Fihlman, an accident report, and the disciplinary letter. Id., p. 3, 797 So.2d at 786. The Commission granted Officer Fihlman’s appeal, and overturned the discipline imposed and this Court affirmed. This court noted the only evidence presented against Officer Fihl-man in support of impairment of the efficient operation of the public service was the conclusory statement contained in the disciplinary letter. Id., p. 9, 797 So.2d at 789. However, there was no evidence to *265 support the allegations within the disciplinary letter. Therefore, the Commission overruled the appointing authority’s disciplinary action finding it arbitrary and capricious.
To the contrary, the Commission in the instant case heard numerous officers attest to Sgt. Regis’ actions and statements. Considering that testimony and evidence, it found that the appointing authority investigated the matter and had sufficient cause for the disciplinary action imposed. More specifically, the Commission found that Sgt. Regis’ acted unprofessionally toward a fellow officer during the lawful arrest of an individual. This conduct occurred in front of subordinate officers, as well as, the general public. Thus, the Commission found that the NOPD sufficiently proved that the complained of activity occurred and that Sgt. Regis violated the rules on professionalism and truthfulness. On the 17record, we cannot find that the Commission erred in affirming the disciplinary action against Sgt. Regis.
Accordingly, the decision of the Commission is affirmed.
AFFIRMED.