JOY COSSICH LOBRANO, Judge.
h Sergeant Irma Regis, an employee of the New Orleans Police Department (NOPD) assigned to the Eighth District, seeks review of the decision of the Civil Service Commission (Commission), denying her appeal of the discipline imposed by the appointing authority, the NOPD. For the reasons that follow, we reverse the Commission’s decision.
The NOPD issued a disciplinary letter to Sgt. Regis, finding that she violated La. R.S. 32:361.1(B)[1] by operating her personal vehicle with window tint without an authorized state exemption. The NOPD found that Sgt. Regis violated NOPD Operations Manual Rule 2: Moral Conduct, paragraph 1 — Adherence to Law, which provides:
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall *640 be regarded as a valid defense against the requirements of this rule.
|2The NOPD determined that the appropriate discipline was a letter of reprimand. After receiving the disciplinary letter, Sgt. Regis filed an appeal with the Commission.
The Commission appointed a hearing officer to receive testimony. At the hearing, NOPD Sgt. Gregory Torregano testified that he was appointed to investigate an incident in which the police stopped Sgt. Regis for driving her-personal vehicle with tinted windows in violation of state law. Sgt. Torregano testified that he utilized a tint meter to determine whether the tint on Sgt. Regis’ personal vehicle violated La. R.S. 32:861.1, which it did. He noted that he attempted to determine whether Sgt. Regis had received a security exemption from the Louisiana State Police as provided in La. R.S. 82:361.3, but found no proof that she had.
Sgt. Regis admitted that she violated La. R.S. 32:361.1 by having tint on her vehicle’s windows without the authorized security exemption. She testified that she had applied for the security exemption provided in La. R.S. 32:361.3, and identified a blank security exemption affidavit like the one she had completed. Upon completing the affidavit, Sgt. Regis submitted it to Lt. Derek Frick, the Integrity Control Officer in the Eighth District, who forwarded it to the Louisiana State Police. She then had the tint applied to her vehicle. Sgt. Regis assumed her application for a security exemption was received, and granted, by the Louisiana State Police. However, she denied knowing that the state police would issue her a security exemption sticker to place on her vehicle’s window.
The hearing officer forwarded the matter to the Commission. After reviewing the testimony and evidence, the Commission denied Sgt. Regis’ appeal. |sThe Commission found Sgt. Regis’ assumption that the state police had granted her a security exemption to be unreasonable and concluded she should have confirmed that she had received the exemption prior to tinting her vehicle’s windows. Sgt. Regis timely appealed.
The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const, art. X, § 12; Pope v. New Orleans Police Dept., 2004-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The appointing authority is charged with the operation of its department, and it is within its discretion to discipline an employee for sufficient cause. The Commission is not charged with such discipline. The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Pope, 2004-1888, pp. 5-6, 903 So.2d at 4.
“The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority.” Cure v. Dept. of Police, 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziate v. Dept. of Police, 2006-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. “The protection of civil service employees is only against firmg (or other discipline) without cause.” Cornelius v. Dept. of Police, 2007-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Fihlman v. New Orleans Police Dept., 2000-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
The decision of the Commission is subject to review on any question of law or fact upon appeal to this Court, and this *641 Court may only review findings of fact 14using the manifestly erroneous/clearly wrong standard of review. La. Const, art. X, § 12; Cure, 2007-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id., p. 2, 964 So.2d at 1094-95. A decision of the Commission is “arbitrary and capricious” if there is no rational basis for the action taken by the Commission. Cure, 2007-0166, p. 2, 964 So.2d at 1095.
In her sole assignment of error, Sgt. Regis argues that the Commission erred in denying her appeal because the NOPD failed to prove her actions bore a real and substantial relationship to the efficient operation of the NOPD. Specifically, she argues that Sgt. Torregano failed to testify that her actions impaired the efficient operation of the NOPD, citing Fihlman, 2000-2360, supra.
In Fihlman, Officer Fihlman received a suspension following an accident with another police vehicle. Id., p. 2, 797 So.2d at 785. At the hearing, Officer Fihlman was the only witness called by the NOPD to testify. Id. This Court affirmed the Commission’s decision granting Officer Fihlman’s appeal, noting:
the NOPD offered no evidence of how Officer Fihlman’s actions impaired the efficient operation of the public service other than the conclusory statement in Superintendent Pennington’s disciplinary letter that Officer Fihlman had disregarded laws and policies governing traffic laws and safe driving practices.
Id., p. 9, 797 So.2d at 789.
In response, the NOPD argues that Sgt. Regis’ actions impaired the efficient operation of the NOPD because she violated the public’s trust in the NOPD as a guardian of its safety. The NOPD asserted that “ ‘the public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing | .¡authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust,’ ” quoting Whitaker v. New Orleans Police Dept., 2003-0512, p. 6 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 576. However, the NOPD fails to present testimony or evidence supporting its conclusion that Sgt. Regis’ actions violated the public’s trust in the NOPD as a guardian of its safety.
The NOPD further argues that Sgt. Re-gis’ disregard of the law and the NOPD internal rule had a substantial relationship to the efficient operation of the department because her actions reflected poorly on the department and compromised the safety of her colleagues, citing State v. Dillon, 95-00884 (La.App. 3 Cir. 1/31/96), 670 So.2d 278.
In Dillon, the defendant challenged the constitutionality of La. R.S. 32:361.1, arguing that the statute posed an undue burden on interstate commerce because tint laws varied from state to state and, therefore, could not be used as the basis for a lawful stop, search and arrest. The court found that La. R.S. 32:361.1 was constitutional because the state had a legitimate interest in passing the law, public safety. The court noted that La. R.S. 32:361.1 protects police officers by insuring their safety while pulling over a vehicle, as the officers are able to view the occupants. Id., p. 3, 670 So.2d at 281. Although the state was justified in enacting La. R.S. 32:361.1 for public safety reasons, that alone does not prove Sgt. Regis’ actions bore a real and substantial relationship to the efficient operation of the NOPD.
*642 Lastly, the NOPD contends that Sgt. Regis’ actions provided an obvious impairment to the efficient operation of the NOPD, and testimony on the issue was not necessary. In support of the argument, the NOPD cites Thornabar v. Dept. of Police, 2008-0464 (La.App. 4 Cir. 10/15/08), 997 So.2d 75, and Regis v. Dept. of Police, 2009-1013 (La.App. 4 Cir. 1/27/10), 30 So.3d 261[2].
In Thomabar, Officer Thornabar admitted that he received a subpoena to appear in court, and that he failed to appear in court. Thornabar, 2008-0464, p. 1, 997 So.2d at 76-77. After the NOPD imposed discipline, Officer Thornabar appealed the discipline to the Commission. Id. The Commission denied the appeal. Id. This Court affirmed the decision of the Commission. Although there was no testimony that Officer Thornabar’s actions impaired the efficient operation of the NOPD, this Court found impairment of the efficient operation of the NOPD as “[t]he failure to honor the subpoena in this case demonstrates an apparent lack of concern for guarding the public’s safety.” Id., p. 6, 997 So.2d at 79. An officer failing to appear for court may result in charges being dismissed, and dangerous defendants being released from jail. This Court distinguished Fihlman, noting that it was not readily apparent how an accident between two police vehicles impaired the efficient operation of the NOPD. Id., p. 5, 997 So.2d at 79.
In Regis, the NOPD disciplined Sgt. Re-gis after several officers consistently stated that Sgt. Regis told a fellow sergeant, “ "You gonna (sic) kill him,’ referring to [an] arrested individual; ‘I’m not gonna (sic) lose my stripes over you; you gonna (sic) cause these officers to lose their jobs;’ and ‘I’m gonna (sic) f— him, he wants to be stupid.’” Regis, 2009-1013, p. 2, 30 So.3d at 262. During the Commission proceedings, the NOPD failed to present specific testimony that Sgt. Regis’ actions on that day impaired the efficient operation of the NOPD. Id., p. 6, 30 So.3d at 264. The Commission found that Sgt. Regis acted unprofessionally |7towards a fellow officer during a lawful arrest, in front of subordinate officers and the general public. Id. After reviewing the record, this Court upheld the Commission’s finding. Id., p. 7, 30 So.3d at 265.
We find Thomabar and Regis distinguishable from the instant case. In both Thomabar and Regis, members of the general public were present during the actions of the involved officers. In this case, the NOPD failed to present testimony that members of the general public were present and observed Sgt. Regis being pulled over in her personal vehicle. Also, there was no evidence that Sgt. Re-gis received a citation requiring an appearance in open court.
In summary, we find the NOPD failed to prove that Sgt. Regis’ dereliction impaired the efficient operation of the NOPD. In the absence of a blatantly obvious impairment such as that found in Thomabar and Re-gis, the NOPD must present evidence that an officer’s dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. We find the Commission’s decision to uphold the letter of reprimand issued to Sgt. Re-gis to be arbitrary and capricious, as the record lacks evidence that her dereliction bore a real and substantial relationship to the efficient operation of the NOPD.
Accordingly, the decision of the Commission is reversed.
REVERSED
LOVE, J., dissents with reasons.

. La. R.S. 32:361.1(B) provides:
Except as provided by R.S. 32:361.1(C), no person may operate a motor vehicle with any object or material placed on or affixed to the front windshield or to front side windows of the vehicle so as to obstruct or reduce the driver’s clear view through the front windshield or front side windows, nor place on or affix to the front windshield or the front side windows of a motor vehicle, any transparent material if the material alters the color or reduces the light transmission of the windshield or front side windows.

. The Sgt. Regis in that case is the same Sgt. Regis in the instant case.