LOVE, J.,
dissents with reasons.
Li respectfully dissent in the decision to reverse the Commission’s denial of Sgt. Regis’ appeal of the discipline imposed by the appointing authority. The Commission’s decision is subject to review on any questions of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12(B); Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094.
The appellant argues that the Commission committed manifest error in dismissing her appeal because the appointing authority failed to demonstrate that appellant’s actions impaired the efficient operation of the NOPD. In the present matter, Sgt. Regis acknowledged a dereliction occurred, namely that the window tint on her personal vehicle was in violation of La. R.S. 32:361.1(B) and that she did not have an exemption sticker from the Louisiana State Police. Her violation of the statute ipso facto impairs the efficiency of the NOPD and is grounds for discipline. See Thornabar v. Dept. of Police, 08-0464 p. 4 (La.App. 4 Cir. 10/15/08), 997 So.2d 75, 78. See also Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4 Cir.1990).
| Jn distinguishing Thomabar, the majority suggests the appointing authority need not demonstrate the impairment to the efficient operation of the NOPD when the general public witnesses a police officer’s violation of the law or receives a citation for the same. Because neither of these circumstances are present in this case, the majority concludes the appointing authority must show evidence of the impairment to the efficient operation of the NOPD. However, police officers are “sworn to uphold the law, and [the NOPD] has the right to expect its officers to conduct themselves in a manner beyond reproach.” Cittadino, 558 So.2d 1311 at 1314. To accept less, only devalues the laws in place.
Furthermore, “the protection of civil service employees is only against firing (or other discipline) without cause.” La. Const, art. X, § 12(B); Cornelius v. Dept. of Police, 07-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724. After review of the record, I find that the appellant’s violation of La. R.S. 32:361.1(B) demonstrates an apparent lack of concern for the efficient operation of the NOPD, providing the appointing authority just cause for disciplining the appellant. Accordingly, I find that the Commission was not manifestly erroneous or clearly wrong in affirming the discipline imposed on the appellant.