501 So.2d 790 (1986)
Larry LOMBAS
v.
NEW ORLEANS POLICE DEPARTMENT.
No. CA-5377.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 1986.
*791 Okla Jones, II, City Atty., Harold D. Marchand, Asst. City Atty., Don Hernandez, Deputy City Atty., Elmer G. Gibbons, III, Deputy City Atty., New Orleans, for defendant-appellee.
Joseph J. DeSalvo, Jr., New Orleans, for plaintiff-appellant.
Before KLEES, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff Larry Lombas was dismissed by the Department of Police ["Department"] in 1983. On April 9, 1985, this court ordered him reinstated with full pay. Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.1985). Lombas is again before this court as a result of a disagreement with the Department over compensation for accumulated annual leave.
When he was dismissed, plaintiff had 96.2774 days of accrued leave. He was compensated for the leave at that time, and reported it on his 1983 income taxes. During the period of time between his dismissal and reinstatement, Lombas accumulated 44.4233 days of annual leave time. When he was reinstated, his 96.2774 days of accrued leave were reinstated and the amount he had been compensated therefor in 1983 was deducted from his back pay check. Because Rule VIII, paragraph 2.1 of Civil Service Commission Rules permits a maximum accumulation of ninety days that can be carried forward to the next year, the time that plaintiff accumulated during his termination period was forfeited.
The issue is whether plaintiff should have begun with zero days of accumulated leave after he was compensated at the time of his dismissal or have his previously accumulated leave reinstated when he resumed his duties on April 9, 1985. Plaintiff has already paid income taxes on the amount that he received three years ago. To make such a deduction from his paycheck now and to deprive him of accumulated time that he might have taken is too harsh and, furthermore, places him in a position worse than he would have been had he not been wrongfully dismissed. It clearly was not this court's intention for such an inequity to occur. Plaintiff should be allowed to start accumulation as of the date he was compensated for his previously accumulated time and keep the time accumulated during his period of dismissal. Because he was compensated for his previously accumulated leave, he should be deemed as having taken it and the leave that he began accumulating during his period of dismissal should be deemed to have begun as of 96.2774 days later.
For the foregoing reasons, the decision of the Civil Service Commission is reversed.
REVERSED.