SCHOTT, Chief Judge.
This is an appeal by four firefighters from a judgment of the Civil Service Commission denying their motion for reimbursement for privately procured health insurance premiums incurred after their employment was terminated and until reinstatement to their jobs by the Commission. The issue is whether a reinstatement by the commission which includes “restoration of all emoluments of employment” makes the city liable for such insurance premiums.
On September 20, 1989, the appellants were discharged for alleged misconduct. They appealed to the commission which on January 22, 1991, upheld their appeal and ordered them reinstated to their former positions “with full back pay and restoration of all emoluments of employment.” The record contains an entry of October 24, 1991, which recites: “The Motion for Reimbursement of premiums for privately procured insurance is denied.” There is no motion in the record, no transcript of the hearing, and no reasons for the denial of the motion. However, the record does contain an entry on March 21, 1991 which reads in pertinent part as follows:
“_ However, the Commission expresses its concern over the delay in restoration of appellant’s insurance coverage. Under the terms of its ruling appellants have no break in service; insurance coverage should therefore continue' on the same basis as it would with any current employee.”
In their brief filed in this court appellants make the following assertion:
Subsequent to their termination the appellants were afforded their “COBRA” rights to elect continued coverage under the City’s self insured health care system. However, due to the cost of coverage, the appellants elected to seek third party health care coverage.
In its brief the city makes several assertions which confuse the issue:
Appellant’s argument rests on the assertion that the City of New Orleans should reimburse appellant the costs of private health care insurance obtained as appellant’s election.
It is the City of New Orleans position that emoluments of employment include only that health coverage which appellant’s would have had but for the termination. Emoluments do not include at appellant’s personal election private health care coverage.
In this case appellant wants this court to compare and place, personally selected private health care coverage on the same footing with rent-free housing, the two items are completely different. Appellant may arguably be entitled at most to that health care coverage set in place by the City of New Orleans which would have continued uninterrupted but for the termination.
We are unable to determine from the record whether appellants did in fact pro *748 cure coverage during their termination period, whether they were offered coverage by the city, or whether the cost of the procured coverage exceeded the cost of the coverage offered them. Neither can we reconcile the March 21, 1991, entry in the record by the commission declaring that insurance coverage should continue for appellants with the assertions made in the briefs.
We have readily concluded that “restoration of all emoluments” includes restoration of health insurance coverage on the same basis that it would have been available had their employment not been interrupted. If appellants procured private insurance because COBRA insurance was unavailable or because it was more costly than private insurance, they are entitled to reimbursement for the private health insurance premiums they paid. If COBRA insurance was cheaper than private insurance, they are entitled only to the cost of COBRA insurance. If they procured no insurance at all, they are not entitled to any reimbursement.
Accordingly, the judgment appealed from is reversed and set aside and the matter is remanded to the Civil Service Commission for further proceedings in order to resolve the issues raised in this opinion.
REVERSED AND REMANDED.