| iMcKAY, Judge.
This is an appeal-from a ruling of the Civil Service Commission of the City of New Orleans by the plaintiff, Raymond Christoffer.
Appellant, Raymond Christoffer, was a fire apparatds operator who had attained permanent status with the New Orleans Fire Department. He allegedly tested positive on a drug test and was suspended on September 9, 1994 and terminated on October 21, 1994. Christoffer appealed his termination before a hearing examiner with the Civil Service Commission on July 7, 1995. By decision rendered -on December 18,1995, the commission found in favor of Christoffer and ordered him reinstated to his prior position; the commission also ordered restoration of all lost pay and emoluments. The department faded to comply with the commission’s decision, and Christoffer filed his first Motion to Enforce Decision and for Sanctions in January of 1997. This motion was taken up by the commission on April 24, 1997 at a meeting where City Attorney Avis Russell appeared and indicated that Christoffer had been reinstated and would receive his back pay and attorney’s fees within two weeks. Two months passed without the department taking any action and Christoffer filed his second Motion to Enforce and for Sanctions on June 9, 1997. The commission ordered the department to effect full payment of all pay and emoluments within fifteen days. Determination of appropriate sanctions were held in abeyance pending compliance with this order. At this time the department issued Christoffer a cheek in the amount of $57,097.70 representing ]2his current-wages and past gross wages of' $91,648.00. Mr. Christoffer determined that due to tax liability he had received $18,859.00 less because he was paid at one time rather than over the thirty months he was off the job.
On appeal, the plaintiff raises two issues. The first is whether the amount he received for his current and past wages from the department should have been adjusted due to tax consequences so that he would have received the same amount of money that he would have received had he been paid over the thirty month period he was off the job. The second is whether the Civil Service Commission erred in refusing to award attorney’s fees pursuant to Rule II, Section 10.4 of the Rules of the Civil Service Commission, City of New Orleans for the time spent obtaining compliance with the commission’s order of reinstatement.
The first of these-issues presents us with an interesting and novel question of law. Appellant’s argument centers on the fact that he received considerably less money due to tax consequences because he was paid in one lump sum rather than over thirty months. Although he has been reinstated and given his back pay, the appellant argues that he has not been put in the same position he would have occupied had he never been wrongfully terminated in the first place. This precise issue has never before been considered by this court. However other cases that have dealt with the reinstatement of wrongfully discharged civil servants have come before'this court. Therefore we should look to them for guidance, and we may by analogy find a proper resolution for the case before us.
In Lombas v. New Orleans Police Department, 501 So.2d 790 (La.App. 4 Cir.1986), this court found that to deprive a police officer of leave time he had accumulated over his period of termination was improper because it “places himjijin a position worse than he would have been had he not been wrongfully dismissed.” Likewise, in the case be-fore us Mr. Christoffer due to his increased tax liability is in a position worse than he would have been in had he not been terminated. In Noya v. Department of Fire, 611 So.2d 746 (La.App. 4 Cir.1992), this court found that reimbursement for privately procured health insurance was included within *498 the concept of “restoration of all emoluments.” Both Lombas and Noya stand for putting the reinstated civil servant into the position he would have been in had he never been terminated or suspended. It is our opinion that Mr. Christoffer too should be put in the same position he would have been in had he never been terminated.
What must be determined is what amount it would take to put the appellant in the position he would have been in had he never been terminated. Appellant alleges he received $13,859.00 less than he would have received had he been paid over the thirty month period he was off the job rather than in one lump sum payment. However,appellant does not illustrate how he came to this exact figure. Nor does the fire department offer any evidence as to what the actual difference was between what Mr. Christoffer received in back pay and what he would have received had he been paid over the thirty month period he was off the job. Therefore we remand this portion of the case back to the Civil Service Commission to determine what amount it would take to put Mr. Chris-toffer in the position he would have been in had he not been terminated and order payment of the same.
The second issue in this case is whether attorney’s fees should be awarded to appellant for the time spent obtaining compliance with the commission’s order of reinstatement. Appellant was ordered reinstated by the Civil Service Commission on December 18, 1995. However, the department failed to Rcomply with this order and appellant had to file two Motions to Enforce and for Sanctions before he was finally paid. In fact,appellant did not receive payment until July of 1997, more than a year and a half after payment had first been ordered. We find this to be arbitrary and capricious and therefore order that appellant be awarded attorneys fees in the amount of $1500.00.
REMANDED AND ATTORNEY’S FEES ORDERED.