734 So.2d 629 (1999)
Raymond CHRISTOFFER
v.
DEPARTMENT OF FIRE.
No. 98-C-2408.
Supreme Court of Louisiana.
May 18, 1999.
*630 Avis Marie Russell, City Attorney, Joseph V. Dirosa, Jr., Deputy City Attorney, Franz L. Ziblich, Deputy City Atty., Counsel for Applicant.
Brett John Prendergast, New Orleans, Counsel for Respondent.
Louis Gerard Gruntz, Jr., Jefferson, Counsel for Amicus Curiae Jefferson Parish.
Debra Gail Miller, Harahan, Counsel for Amicus Curiae East Bank Consolidated Special Service Fire Protection District.
JOHNSON, Justice.[*]
We granted the Department of Fire's application for writ of certiorari to determine whether the court of appeal erred in holding that Raymond Christoffer was entitled to recover an award for the increased tax liability he incurred as a result of a lump sum payment of back wages by the Department, of Fire. After reviewing the record and jurisprudence, we hold that Christoffer is not entitled to an award for increased tax liability. We affirm the Court of Appeal's decision in all other respects.

FACTS AND PROCEDURAL HISTORY
Appellant, Raymond Christoffer, was a fire apparatus operator who had attained permanent status with the New Orleans Fire Department (hereinafter "Department"). The Department terminated Christoffer on October 21, 1994 when he violated their drug policy by testing positive during a random drug test. Christoffer appealed this termination to the City Civil Service Commission (hereinafter "Commission") on July 7, 1995. On December 18, 1995, the Commission found in favor of Christoffer and ordered him reinstated to his prior position. The commission also ordered the Department to restore all of Christoffer's back pay and emoluments. When the Department failed to comply with the Commission's decision, Christoffer filed a Motion to Enforce Decision and for Sanctions in January of 1997. The Commission considered this motion at a hearing which was conducted on April 24, 1997. At that time, the City Attorney appeared and indicated that Christoffer had been reinstated and would receive his back pay and attorney's fees within two weeks. Two months passed without the Department taking any action. Therefore, Christoffer filed a second Motion to Enforce and for Sanctions on June 9, 1997. The Commission ordered the Department to effect full payment of all back pay and emoluments within fifteen days. This time, the Department paid Christoffer $91,648.00 for back wages and benefits. Christoffer filed a third Motion to Enforce Decision and for Sanctions on August 28, 1997. In this motion, Christoffer requested that the Commission award attorney fees which he incurred while trying to enforce the Commission's decision. Christoffer also requested that the Commission order the Department to pay $13,859 which represented the additional amount of tax liability he allegedly incurred as a result of the Department's lump sum payment of back wages. The Commission denied Christoffer's request for further relief on October 23, 1997. Christoffer appealed this denial to the Louisiana Fourth Circuit Court of Appeal.
The court of appeal held that Christoffer was entitled to an award for the increased tax liability he incurred as a result of the Department's lump sum payment of back wages, and remanded the case to the Civil Service Commission for a determination of the exact amount it would take to compensate Christoffer for the increased tax liability. The court of appeal also held that Christoffer was entitled to an award for *631 attorney fees pursuant to Rule II, § 10.4 of the Rules of the Civil Service Commission. Christoffer was finally paid by the Department on July 7, 1997, one year and seven months after the Commission ordered the Department to pay him. Christoffer was required to file two separate Motions to Enforce before he was finally paid.
The Department filed an application for writ of certiorari with this court asking that we review the court of appeal decision. We granted this writ application on December 11, 1998. See, Christoffer v. Department of Fire, 98-2408 (La.12/11/98), 729 So.2d 585.

DISCUSSION
The Department's application raises the issue of whether a wrongfully terminated civil servant is entitled to recover an award for any increased tax liability incurred as a result of a lump sum payment of back wages. This issue is novel and one of first impression in Louisiana.
The Louisiana Constitution provides that a city civil service and civil service commission shall be established in each city having population exceeding four hundred thousand (400,000) persons. The city civil service shall include all persons holding offices and positions of trust or employment or in the employ of each city having a population exceeding 400,000 persons. La. Const. of 1974, art. 1(B). The Civil Service Commission shall exist in each city having a population exceeding 400,000. La. Const. of 1974, art. 10, § 4(A). The purpose of the Civil Service Commission is to secure adequate protection for public career employees. Sanders v. Department of Health and Human Resources, 388 So.2d 768, 771 (La.1980). The City of New Orleans, having a population of well over 400,000 persons, has a civil service commission consisting of seven members. See, New Orleans, La., Charter art. VIII, § 8-102 (1995). Any civil servant who is aggrieved by an action of an employing agency may appeal such action to the Civil Service Commission for the city of New Orleans (hereinafter "Commission"). New Orleans, La., Charter art. VIII, § 8-111(1). The Louisiana Constitution grants the Commission the exclusive power and authority to hear and decide civil servant disciplinary cases. La. Const. of 1974 art. 10 § 12(B). Pursuant to this authority, the Civil Service Commission for the City of New Orleans enacted Rule II, § 10.1 which states:
In all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the city to fully comply with the judgment. This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due. (emphasis added).
Under this Rule, the Commission may reverse or modify a disciplinary action and reinstate an employee, ordering the employing agency to pay "back wages, benefits and emoluments" from the date of the wrongful discharge. Department of Pub. Safety and Corrections v. Thornton, 625 So.2d 713, 716 (La. Ct.App. 1 Cir.1993).
Louisiana courts have determined that agencies must reimburse wrongfully terminated employees for certain expenses and losses that they incur during a period of wrongful termination. For example, in Lombas v. New Orleans Police Department, 501 So.2d 790 (La.App. 4 Cir.1986), the Fourth Circuit held that a wrongfully terminated employee was entitled to the forty-four (44) days of annual leave time that accumulated during the period of wrongful dismissal. Also, in Noya v. Department of Fire, 611 So.2d 746 (La.App. 4 Cir.1992) the Fourth Circuit held that reinstated fire fighters were entitled to reimbursement for private health insurance that they procured during the period that they were wrongfully terminated. The court stated that "... `restoration of all emoluments' includes restoration of health *632 insurance coverage on the same basis that it would have been available had their employment not been interrupted." Lastly, in Hebbler v. New Orleans Fire Dept., 310 So.2d 113 (La.1975) this court held that a reinstated fireman was entitled to state supplemental pay that was withheld during the period of wrongful termination. We reasoned that the state supplemental pay was a "benefit resulting from his (the fireman's) employment" and was therefore compensable under the Civil Service Rules as back wages. Hebbler, 310 So.2d at 115.
Unlike annual leave, health insurance coverage, and supplemental pay, Louisiana Courts have never dealt with the issue of whether a reinstated civil service employee can be compensated for the increased tax liability incurred as a result of a wrongful termination. Since this issue is one of first impression in Louisiana, there is no Louisiana jurisprudence to guide us in resolving this issue. Where there is a lack of Louisiana jurisprudence on a particular issue, reference to federal cases is appropriate. Banks v. New York Life Ins. Co., 98-0551 (La.12/7/98), 722 So.2d 990, 994. The Merit Systems Protection Board[2] is the federal government analogue to state and local civil service commissions. This board has held that wrongfully terminated government employees are not entitled to an award for increased tax liability incurred as a result of a lump sum payment of back wages. In Wilson v. United States Postal Serv., 38 M.S.P.R. 156 (1988), the Merit Systems Protection Board (hereinafter "Board") held that a wrongfully terminated federal employee was not entitled to compensation for the increased tax liability he incurred by receiving back wages in a lump sum. The Board reasoned that tax liability is not part of the employment relationship. Wilson, 38 M.S.P.R. at 158. Therefore, the Board concluded that tax liability is a "consequential loss" which is should not be included in an award for back wages. Similarly, in Kopp v. Department of Air Force, 37 M.S.P.R. 434 (1988) the Board held that federal courts do not have the authority to make an award for increased tax liability because the Back Pay Act[3], which provides for the payment of back wages to wrongfully terminated federal employees, speaks only in terms of "pay." The Board reasoned that consequential expenses, such as tax liability, are not encompassed within the meaning of pay for the purpose of awarding back wages. Kopp, 37 M.S.P.R. at 437. Therefore, the Board concluded that courts do not have the authority to compensate wrongfully terminated employees for any increased tax liability they may incur by receiving their back wages in a lump sum. Also, in Gay v. United States Postal Serv., 41 M.S.P.R. 476 (1989), the Board held that a wrongfully terminated postal worker was not entitled to be compensated for the increased tax liability caused by receiving his back pay award. Lastly, in Holtgrewe v. Federal Deposit Ins. Corp., 65 M.S.P.R. 137 (1994) the Board held that a federal agency is not required to augment a back pay award to compensate a reinstated employee for increased tax liability.
We are persuaded by the reasoning of the federal jurisprudence, as well as the language of New Orleans City Civil Service Rule II § 10.1, that a reinstated civil service employee is not entitled to be compensated for the increased tax liability incurred by receiving the back pay award in a lump sum. The federal government analogue to the Civil Service Commission has *633 never made such an award. Likewise, we hold that Christoffer is not entitled to an award for the increased tax liability he incurred as a result of receiving his back wages in a lump sum.

CONCLUSION
We conclude that Christoffer is not entitled to an award for the increased tax liability that he incurred by receiving his back wages in a lump sum. Therefore, we reverse the Court of Appeal's judgment and reinstate the Civil Service Commission's decision on the issue of Christoffer's entitlement to an award for increased tax liability. We affirm the Court of Appeal's judgment in all other respects.
REVERSED IN PART and AFFIRMED IN PART.
NOTES
[*] Traylor, J., not on panel, See Rule IV, Part 2, § 3.
[2] The Merit Systems Protection Board is the successor agency to the United States Civil Service Commission. See, Exec. Order No. 12107, 44 Fed.Reg. 1055 (1978) (redesignating United States Civil Service Commission as the Merit Systems Protection Board.) This board is responsible for hearing and adjudicating appeals by federal employees of adverse personnel actions. 5 U.S.C. § 1204 (1996).
[3] The actual "Back Pay Act" was originally codified at 5 U.S.C. § 652 (1966). However, it has since been eliminated from the United States Code and replaced with 5 U.S.C. § 5596 (1996).