757 So.2d 863 (2000)
Raymond CHRISTOFFER
v.
NEW ORLEANS FIRE DEPARTMENT.
No. 99-CA-2658.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
Rehearing Denied April 19, 2000.
Writ Denied June 30, 2000.
*865 Joseph V. Dirosa, Jr., Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Mavis S. Early, City Attorney, New Orleans, LA, Attorneys for Appellant, Department of Fire.
Brett J. Prendergast, New Orleans, LA, Attorney for Appellee, Raymond Christoffer.
Court composed of Judge MIRIAM G. WALTZER, Judge MOON LANDRIEU, Judge DENNIS R. BAGNERIS, Sr.
WALTZER, Judge.
The Department of Fire appeals the decision of the Civil Service Commission refusing to consider their demand for a determination of the amount owed by Christoffer.

STATEMENT OF THE CASE
Christoffer appealed to the Civil Service Commission his termination by the Department of Fire.[1] The Commission ordered the Department to reinstate Christoffer and restore all back pay and emoluments. The Department did not challenge this order, either on appeal or with the Commission. Eventually, the Department paid in a lump sum all back wages and benefits which it determined to be owed to Christoffer.
After several years of argument between the parties over issues not relevant to this appeal, the Department filed a motion with the Commission requesting a determination of "the amount of any setoff to which the Appointing Authority may be entitled." The Commission denied this motion on 23 September 1999.
The Department appeals the decision of the Commission, pursuant to both LSA-R.S. 49:113 and Rule II, Section 11.1 of the local Rules of the New Orleans Civil Service Commission. On appeal, the Department also represents that it is entitled to a determination regarding whether Christoffer's physical condition during the period of his termination prevented him from working and reduced the amount to be awarded in back wages. We will not consider this demand since the record does not contain any evidence that such a request was made before the Commission. Christoffer answered the appeal, requesting damages for frivolous appeal.

ASSIGNMENT OF ERROR: The Department argues that the Commission erred by refusing to consider its demand for a setoff for wages earned by Christoffer during the period for which the Department paid back pay.
The Commission ordered Christoffer's reinstatement, with reimbursement of all benefits, on 18 December 1995. The Department did not challenge this order, either on appeal or with the Commission. After paying Christoffer, the Department moved on 10 November 1997 for a determination of the amount earned by Christoffer during his termination and asked that this calculation be setoff against the amount paid to Christoffer in back wages.
The Commission's decision is subject to review on any question of law or fact. LSA-Const. Art. X, Sec. 8. Decisions of the civil service commission are subject to the same standard of review as a decision of the district court. In reviewing the commission's procedural decisions and interpretations of law, the court performs its traditional plenary functions of insuring procedural rectitude and reviewing questions of law. Walters v. Department of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984). In the present appeal, only an error of law is assigned.
*866 In addition to its primary function as a quasi-judicial body, the civil service commission is empowered to generally supervise the civil service system and to establish rules that have the effect of law. LSA-Const. Art. X, § 10(A)(4). Regarding whether a civil service rule is mandatory or directory, such a construction will generally be made in accordance with the standards for interpreting statutes. If mandatory, beyond requiring the doing of the thing specified, such provisions describe the result that will follow where the required thing is not done. If directory, the terms are limited to what is required to be done. Bannister v. Department of Streets, 95-0404 (La.2/16/96); 666 So.2d 641, 645.
If the law's purpose is the protection of the government by guiding its officials rather than granting rights to affected private citizens, the word "shall" may be given merely directory meaning. Furthermore, in deciding whether a requirement will be given mandatory or directory effect, a significant consideration lies in comparing the results to which each such construction would lead. Id.
Rule II, § 11.1 provides,
In all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the City to fully comply with the judgment. This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored.

(Emphasis added.)
In 1995, the Commission ordered the Department to reinstate Christoffer and reimburse him for all back wages. The Department neither challenged this order with the Commission, nor did it appeal this ruling. Eventually, the city paid Christoffer, without any allowance or request for a calculation of a setoff. In November 1997, the Department asked the Commission to calculate the amount owed by Christoffer. We find that Rule II, § Section 11.1 of the Rules of the New Orleans Civil Service Commission to be mandatory in nature. Under Rule II, § 11.1, we believe the Department is prohibited from seeking a "setoff" from Christoffer under the facts presented by the record on appeal.

ANSWER TO APPEAL: Christoffer answered the appeal and requested damages for frivolous appeal.
Christoffer requests damages, attorney's fees and costs, for a frivolous appeal pursuant to LSA-C.C.P. art. 2164. Such an award is penal in nature and must be strictly construed. Elloie v. Anthony, 95-0238 (La.App. 4 Cir. 8/23/95); 660 So.2d 897, 898, writ denied by 95-2239 (La.11/27/95); 663 So.2d 731. Damages for frivolous appeal are not awarded unless it is clear the appeal was solely for delay or the appellant was not serious in his position. Id. Although the Department's position has no merit, we do not find that the record supports the award for damages for frivolous appeal.
AFFIRMED.
NOTES
[1] The facts of Christoffer's prior claims have been explored in detail by prior appeals to this court and to the Louisiana Supreme Court. Christoffer v. Department of Fire, 97-2851 (La.App. 4 Cir. 5/20/98); 715 So.2d 496; reversed in part and affirmed in part by 98-2408 (La.5/18/99); 734 So.2d 629.