ROLAND L. BELSOME, Judge.
| Plaintiff-Appellant, Dr. Lucille Nobile Perry, appeals the denial of her appeal by the Civil Service Commission. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Appellant began working for the City of New Orleans, Department of Health, as a classified employee with permanent status beginning April 17, 1988, with the class code C5317 and the title of “Senior Environmental Technician.” Subsequently, Appellant’s class code was changed to C5311, titled “Environmental Tech 1” and then to an “Environmental Specialist III.” According to Appellant’s testimony, her job duties included handling “crisis cases” with the housing and health inspectors, typically involving elderly abuse, abandoned children, and other social issues.[1]
On March 30, 1998, Appellant was transferred from the Department of Health to Municipal Court, with the new classified position of “Medical and Social Services Coordinator,” class code C0295. Appellant’s workplace also changed from City Hall to Municipal Court, and her new Appointing Authority was George |2P. Wells, the Municipal Clerk of Court. Appellant worked in victim services in connection with domestic violence cases and held the title “Victim Services Coordinator.”
On January 6, 2003, Appellant’s supervision shifted from Municipal Court to the Department of Law. According to Appellant’s testimony at the hearing, the determination was reached that it was a conflict of interest for the Victim Services Coordinator to be within Municipal Court because it could reflect a potential bias of the court; therefore, the position was transferred to the Department of Law. Appellant asserts that her job duties remained the same. According to the Civil Service Commission’s decision, the need for the administrative transfer was precipitated by a change in funding, as the salary for Appellant’s position was funded by a grant which was transferred from the budget of the Municipal Court to the Department of Law.
Also on this date, January 6, 2003, a transfer document was executed, wherein Appellant’s civil service status was changed from classified to unclassified, with the new job title of “Asst. Attorney I.”[2] According to the testimony of the human resources director/legal budget and finance manager, Vanessa Caliste Swaf-ford, “Attorney I”[3] was a newly created position under class code U0020AA (“U” representing “unclassified”).[4] Appellant denies ever seeing this transfer document and submits that her actual job duties never changed.[5] |,./Diere is no provision *455 for an employee signature anywhere on the transfer document.[6]
On April 1, 2007, Appellant’s position was changed within the Department of Law to the position of “Urban Policy Specialist,” class code U0167.
In the fall of 2008, Appellant was disciplined for an incident that occurred in Municipal Court on July 31, 2008, between Appellant and a Municipal Court Judge. As a result of this incident, Appellant was suspended for one week without pay, and received a disciplinary letter dated September 10, 2008, from City Attorney Pen-ya Moses-Fields. The disciplinary letter included the language: “Lastly, as a reminder, members of the unclassified staff serve at the pleasure of the Administration .... ” Appellant signed the letter in the receipt/acknowledgement section, which was dated September 10, 2008. Appellant did not appeal her discipline.
Appellant continued to work in the Department of Law. On January 27, 2010, Appellant received a letter of termination from City Attorney Penya Moses-Fields, her Appointing Authority, advising of the lack of funding for her position and her termination date of February 12, 2010. Appellant asserts that this was the first time she learned that her position was unclassified.
Appellant appealed her termination, and the Appointing Authority filed a Motion for Summary Disposition. On June 21, 2010, the Civil Service Commission issued an order stating that the matter would be referred to the Hearing Examiner “for the purpose of engaging in fact-finding regarding Appellant’s appointment to and official status in the classified service during the 14term of her employment with the City of New Orleans and the facts and propriety of the changes made thereto.” The order further provided that upon issuance of the Hearing Examiner’s report, the matter would be re-submitted to the Civil Service Commission.
On August 19, 2010, the Hearing Examiner conducted a fact-finding hearing. On January 17, 2011 the Hearing Examiner issued a report recommending that Appellant’s appeal should be denied. In the report, the Hearing Examiner determined that Appellant never questioned her status as an unclassified employee until after she received notice of her termination, and that evidence was presented of Appellant’s actual knowledge of her unclassified status via the September 10, 2008 disciplinary letter, which was signed by the Appellant and was not appealed. The Hearing Examiner noted that Appellant testified that she did not notice the mention of her unclassified status in the disciplinary letter and insisted that she was unaware of her unclassified status until she received notice of her termination. The Hearing Examiner concluded that because all positions within the Law Department are unclassified, Appellant knew or should have known that her position was unclassified prior to her termination.
On May 4, 2011, the Civil Service Commission denied Appellant’s appeal with written reasons substantially similar to those detailed by the Hearing Examiner. This appeal followed.
STANDARD OF REVIEW
Appellate courts review factual findings in a civil service case under the manifest error or clearly erroneous standard. Russell v. Mosquito Control Bd., 2006-0346, p. 7 (La.App. 4 Cir. 9/27/06), *456 941 So.2d 634, 639. A Civil Service Commission decision that-involves jurisdiction, procedure, and interpretation of |Blaws and regulations is not limited by the arbitrary, capricious, or abuse of discretion standard on appellate review. Banks v. New Orleans Police Dept., 2001-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 514, writ denied, 2002-2620 (La.12/13/02), 831 So.2d 990 (citing Walton v. French Market Corp., 94-2457 (La.App. 4 Cir. 4/26/95), 654 So.2d 885). Rather, with regard to legal issues, “appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record.” Russell, p. 8, 941 So.2d at 640. “A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial.” Id. Mixed questions of fact and law should be accorded great deference by the reviewing court. Banks, p. 3, 829 So.2d at 514.
DISCUSSION •
Appellant asserts five assignments of error for our review. First, Appellant argues that the Civil1 Service Commission erred in failing to find that the 2003 transfer from classified to unclassified service was an illegal taking of a property right; second, that the Commission erred in failing to find that Appellant never lost her classified status; third, that the Commission erred in failing to return Appellant to her classified position with full back pay, attorneys’ fees, and all emoluments; fourth, that the Commission erred in failing to follow the Juné 21, 2010 order; and fifth, that the Commission erred in failing to follow Rule VIII, Section 6.1.
In essence, Appellant submits that she was arbitrarily removed from classified service to unclassified service without her knowledge and without cause or due process, as she was effectively terminated from her classified position. Appellant testified at the hearing that she was never notified nor signed any document advising her that her position was being changed from classified to[fiunclassified service, and that her job duties did not change. The record is void of any documentation that Appellant was ever notified of the change from classified to unclassified service.
The City argues that Appellant understood that her position had been funded by a grant, the funding for which expired. The City also submits that the evidence, particularly Appellant’s handwritten statement made in her final Department of Health evaluation,[7] demonstrates that Appellant plainly knew that she was leaving the Department of Health, and left the department by her own choice. Additionally, the City asserts that Appellant never sought to return to the Department of Health or to a classified position. The City further argues that considering Appellant’s education level, it was not reasonable for her to believe she was still in a classified position once she was transferred to the Department of Law, which had no classified positions. Notably, in its appellate brief, the City concedes that the record does not demonstrate whether Appellant was ever actually notified that her employee status changed from classified to unclassified on January 6, 2003.
The Louisiana Supreme Court has recognized that pursuant to Cleveland *457 Board of Education v. Loudermill, “[u]n-der our constitution and the Civil Service Rules, an employee who has gained classified permanent civil service status has an entitlement to his position, since he has already received the position, and applicable law guarantees him continued employment,” with exceptions such as disciplinary actions for cause. Bell v. Dep’t of Health & Human Res., 483 So.2d 945, 949-50 (La.1986)(citing Cleveland Bd. of Educ. v. Loudermill, [470 U.S. 532, 17105 S.Ct. 1487, 1489, 84 L.Ed.2d 494 (1985) ]; Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Accordingly, because “a classified permanent employee enjoys a property right in maintaining his status, it is axiomatic that his position may not be changed or abolished without due process of law.” Bell, 483 So.2d at 950 (citing Loudermill, supra Xemphasis added).
It follows that “[sjinee the rights discussed in Loudermill, supra, are procedural due process rights, [classified employees] are afforded protection in a wide variety of situations and not just in the case of disciplinary actions.” New Orleans Ass’n of Firefighters Local 632 v. Civil Serv. Comm’n of City of New Orleans, 495 So.2d 958, 962 (La.Ct.App.1986) writ denied sub nom., New Orleans Ass’n of Firefighters Local No. 632 v. Civil Serv. Comm’n of City of New Orleans, 499 So.2d 84 (La.1987). Likewise, “the predicate for requiring a governmental entity to comply with the rudiments of procedural due process is a determination that some constitutional interest is at stake.” Id. (citing Stana v. School District of the City of Pittsburgh, 775 F.2d 122 (3rd Cir.1985)). In this case, Appellant’s “constitutional interest at stake is [her] property right of classified civil service status.” See New Orleans Ass’n of Firefighters Local 632, 495 So.2d at 962 (citing Loudermill, supra; Bell, supra).
Considering the foregoing, we find that Appellant was wrongfully deprived of her classified civil service status without due process. As a permanent classified employee, Appellant could be removed from classified status only for cause | ^expressed in writing. See La. Const, art. X, § 8(A); Bannister v. Dep’t of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 647. “The purpose of requiring cause expressed in writing is to apprise the employee in detail of the grounds upon which the dismissal is based and to limit any subsequent proceedings to the stated grounds.” Allen v. Dep’t of Police, 2009-0589, pp. 3-4, (La. App. 4 Cir. 11/12/09), 25 So.3d 966, 969, writ denied, 2009-2714 (La.2/26/10), 28 So.3d 273 (quoting Lemoine v. Dep’t of Police, 348 So.2d 1281, 1283 (La.App. 4th Cir.1977)). Appellant was terminated from her classified position without due process; thus, her termination from classified service was illegal.
Although Appellant may have known of her change in status prior to 2008, as the City argues, no evidence in the record exists to support such an assertion. Furthermore, Appellant’s alleged notice of her unclassified status in the 2008 letter was irrelevant, because the removal of her from her classified service in 2003 without due process was effectively an illegal discharge. This Court has recognized that the Civil Service Commission “may reinstate[ ] with full back pay and benefits” an employee who has been “wrongfully deprived of [her] position.” New Orleans Ass’n of Firefighters Local 632, 495 So.2d at 963; see also Blappert v. Dep’t of Police, 94-1284, p. 6 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1343 (“It is well established that a wrongfully discharged civil service employee is entitled to reinstatement with *458 full pay from the date of his discharge”); Noya v. Department of Fire, 611 So.2d 746 (La.App. 4th Cir.1992); Lombas v. New Orleans Police Department, 501 So.2d 790 (La.App. 4th Cir.1986).
Accordingly, Appellant shall be entitled to reinstatement effective February 12, 2010, with all emoluments, and is also entitled to full back pay with a set-off for any wages earned in private employment:
IflEmployees. in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
La. R.S. 49:113 (emphasis added); see also Perkins v. Sewerage & Water Bd., 95-1031 (La.App. 4 Cir. 2/29/96), 669 So.2d 726, 728-29.[8] This Court, has previously held that the Civil Service Commission has no discretionary authority regarding the date of reinstatement when an employee has been terminated illegally. Perkins, 669 So.2d at 729 (holding that La. R.S. 33:2424 “has no application in the-case of an ille-gaily dismissed employee”)(quoting Hermann v. New Orleans Police Dept., 238 La. 81, 95, 113 So.2d 612, 617-18 (1959)).
Appellant also argues that the Commission erred in failing to grant attorneys’ fees. However, Appellant does not direct this Court to any particular statute or rule which would allow attorneys’ fees to be awarded under these facts.[9]
For the foregoing reasons, the Civil Service Commission’s decision is reversed, and the Civil Service Commission is ordered to reinstate Appellant to her classified position, with full back pay and all emoluments, and with an effective |10date of February 12, 2010. The matter is hereby remanded for proceedings to determine the amount due Appellant for back pay after taking into consideration any wages and salaries earned by Appellant in private employment in the period of separation after Appellant’s termination date of February 12, 2010.[10]
REVERSED AND REMANDED

. Appellant has a Ph.D. in health counseling.

. It is not disputed that Appellant never attended law school and did not have the qualifications of an attorney.

. On the Personnel Requisition Form, the position is titled “Atty I”; on the Personnel Action Form, the position is titled "Asst. City Atty I.”

. The Personnel Requisition Form describes Appellant's "Atty I” duties as "Highly professional work as an Attorney I, representing the city of New Orleans providing legal advise [sic] [at] Municipal [and] Traffic Court.”

. After Hurricane Katrina, Appellant was laid off by the Department of Law on October 14, 2005, but returned to the Department of Law and Municipal Court on November 7, 2005.

. After being transferred to the Department of Law, Appellant submitted her leave requests to the Department of Law.

. When Appellant was transferred from the Department of Health to Municipal Court, she was given an employee evaluation by the Department of Health. In her final Department of Health evaluation, she hand-wrote below her signature: “It is because I had so many difficulties and differences with my new supervisor that I have since transferred to other work in City government Civil Service.''

. See also Rule II, § 11.1 of the Rules of the Civil Service Commission, City of New Orleans, which provides,, in pertinent part:
In all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the City to fully . comply with the judgement, [sic] This restoration shall include, where appropriate, reimbursement for, all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored, (adopted December 11, 1986, effective January 1, 1987)

. We recognize that Civil Service Commission Rule II, § 11.4 provides that an employee may seek attorneys’ fees for non-compliance with a final judgment of an order for reinstatement:
In the event that the reinstatement ordered in [Rule II,] Section 1 [1]. 1 is not fully accomplished within forty-five (45) days from the date the judgement [sic] becomes final, on application from the employee or his legal counsel, the Commission may assess appropriate attorney's fees for services occasioned by the City’s failure to comply with provisions of this Section in a timely manner, (adopted December 11, 1986, effective January 1, 1987)

.Appellant's fourth and fifth assignments of error are moot.