Judge Tiffany G. Chase
The City of New Orleans Department of Law ("Department of Law"), seeks review of a March 27, 2017 order issued by the Civil Service Commission ("Commission"). The ruling found the Department of Law failed to restore all emoluments to Dr. Lucille Perry ("Dr. Perry") at the time of her reinstatement and awarded Dr. Perry attorney's fees. Dr. Perry answers on appeal and seeks review of the Commission's May 15, 2017 order awarding attorney's fees and argues that the amount is insufficient. After consideration of the record before this Court and the applicable law, we affirm the Commission's March 27, 2017 order but amend the May 15, 2017 order as to the amount of attorney's fees.
Facts and Procedural History
The facts of this case have previously appeared before this Court and are pertinent to the underlying appeal. Dr. Perry began working for the City of New Orleans Department of Health, as a classified employee on April 17, 1988.[1] Initially, Dr. Perry's job title was "Senior Environmental Technician" and was changed, first, to "Environmental Tech 1" and then to "Environmental Specialist III."[2] In March of 1998, Dr. Perry was transferred from the Department of Health to Municipal Court under a classified position of "Medical and Social Services Coordinator."[3]
At Municipal Court, Dr. Perry's appointing authority was the Municipal Clerk of Court and she held the title of "Victim Services Coordinator," working with domestic violence cases.[4] In 2003, the Department of Law began supervising Dr. Perry because it was determined that a conflict of interest existed for Municipal
Court to supervise the Victim Services Coordinator.[5] A transfer document changed Dr. Perry's civil service status from classified employee to unclassified *595 employee with the job title of "Assistant Attorney I," although she had no legal background.[6]
In 2007, Dr. Perry's position was changed to "Urban Policy Specialist," an unclassified position with the Department of Law.[7] Dr. Perry was subsequently terminated from the Department of Law in February 2010 due to lack of funding. She insisted that she only found out about her change in job status upon termination of employment. Upon Dr. Perry's termination from the unclassified position, she sought reinstatement to a classified position. When she was not reinstated she appealed to the Commission. The Commission denied the appeal and Dr. Perry sought review from this Court. On appeal, this Court found that:
Appellant was wrongfully deprived of her classified civil service status without due process. As a permanent classified employee, Appellant could be removed from classified status only for cause expressed in writing.[8]
[T]he Civil Service Commission is ordered to reinstate Appellant to her classified position, with full back pay and all emoluments, and with an effective date of February 12, 2010.[9]
This Court granted a rehearing regarding the availability of a position for Dr. Perry, since a classified position was no longer available. On rehearing this Court stated:
[T]he Appellant, Dr. Lucille Perry, was wrongfully deprived of her classified service status without due process and ordered that the Appellant be returned to her classified position. The record indicates that the position no longer exists. Therefore, we remand the matter to the Civil Service Commission to reinstate Dr. Perry in a position comparable to what was ordered in this Court's previous opinion.[10]
On October 28, 2016, the parties appeared before a hearing officer as ordered by the Commission. The hearing officer was directed to determine whether or not the "appointing authority" was in compliance with the order of this Court regarding reinstatement and restoration of full emoluments of Dr. Perry's employment. The hearing officer submitted its findings to the Commission and in an order dated March 27, 2017, the Commission accepted the hearing officer's recommendations, finding that Dr. Perry proved the "appointing authority" did not restore her sick and annual leave balances timely and that it failed to return Dr. Perry's employment emoluments at the time of reinstatement. The Commission's order also awarded attorney's fees to Dr. Perry regarding this matter. This appeal followed.
The Department of Law submits the following assignments of error on appeal: (1) the Commission failed to enforce this Court's ruling that the Municipal Court was the violating entity; (2) the Commission erred in not reinstating Dr. Perry to a classified position; (3) the Commission erred in holding the Department of Law responsible for finding Dr. Perry a classified position, processing back pay calculation and reimbursing emoluments; and (4) the Commission erred in granting attorney's fees to Dr. Perry and naming the Department of Law as the responsible entity. Dr. Perry answered the appeal arguing that the award of attorney's fees is *596 insufficient. She also requests damages and attorney's fees from the Department of Law for the filing of a frivolous appeal.
Standard of Review
Civil service cases are reviewed under a manifest error standard of review. In Russell v. Mosquito Control Board , this Court stated:
In Banks v. New Orleans Police Dep't., 2001-0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14, we articulated the standard of review in civil service cases. First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. See Stern v. New Orleans City Planning Comm'n, 2003-0817, pp. 5-6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699-700.[11]
Since this matter involves the Civil Service Commission and is one regarding findings of law and fact, we will review this matter under a manifest error/clearly erroneous standard of review.
Appointing Authority
In Perry I[12] , this Court ordered that the "Civil Service Commission" reinstate Dr. Perry to her previous classified position with an effective date of February 12, 2010. The Department of Law argues that the Commission violated this Court's ruling in Perry I by holding the Department of Law as the responsible entity because this Court found that Municipal Court was the violating department. This is an incorrect interpretation of this Court's ruling. The ruling in Perry I does not specifically delineate the responsible entity as either Municipal Court or the Department of Law as the violating department, but rather the Civil Service
Commission as a whole. The Commission hears all removal claims regarding city departments, including those involving the Department of Law.
This Court concluded, in Perry I , that Dr. Perry moved from a classified position with Municipal Court to an unclassified position with the Department of Law in violation of her due process rights. This initial transfer was implemented because it was determined that a conflict of interest existed with Municipal Court due to the nature of Dr. Perry's position. Additionally, funding for Dr. Perry's position shifted from Municipal Court to the Department of Law. Appointing authority is defined as "the agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments."[13] "The appointing authority is the authority that selects the employee. ..."[14]
*597 Once Dr. Perry was transferred to the Department of Law, along with the funding used to pay her salary, it became her appointing authority and the entity responsible for employee/employment relations regarding Dr. Perry. In Perry I , this Court stated that "[A]ppellant received a letter of termination from City Attorney Penya Moses-Fields, her Appointing Authority, advising of the lack of funding for her position and her termination date of February 12, 2010."[15]
Further, we note the untimeliness of the Department of Law's challenge to being named as the appointing authority. The Department of Law did not use the proper procedural vehicle to challenge being deemed the appointing authority in this matter. Pursuant to La. C.C.P. art. 928(B), a peremptory exception may be pled any time prior to the case being submitted to the trial court for a decision. The proper time for the Department of Law to challenge whether or not it was the appointing authority was before the Commission issued its final order. The record does reflect that the Department of Law continued to state that Municipal Court, not it, was the responsible department. However, the Department of Law failed to plead this issue before the Commission and as such, waived the right to do so before this Court.
Accordingly, we find the Department of Law was Dr. Perry's appointing authority at the time of her termination and the department responsible for following any court orders relative to this matter. We find no merit to this assignment of error.
Reinstatement
The Department of Law argues that the Commission failed to reinstate Dr. Perry per this Court's ruling in Perry I . Specifically, it contends that the Commission incorrectly imposed this obligation on the Department of Law. In granting the Department of Law's application for rehearing, this Court ordered that since Dr. Perry's previous position was no longer available, the Commission was ordered to reinstate her to a comparable position.[16] In its brief, the Department of Law concedes that it found a classified position to offer to Dr. Perry within another city department. On April 18, 2013, the City of New Orleans Chief Administrative Office sent Dr. Perry correspondence advising of her reinstatement, effective April 22, 2013, to a classified position.
The order of this Court was for a comparable position to be located and compliance with that order occurred. It is of no consequence that the Department of Law was the entity that located Dr. Perry's reinstated position, especially considering that it is in fact Dr. Perry's appointing authority. As such, the Department of Law's assignment of error regarding which entity was responsible for locating a position for Dr. Perry is denied as moot.
Emoluments
The issue of back pay will not be addressed in this opinion as that issue has been filed under a separate appeal, which is currently pending before this Court.[17]
Since we have already concluded above that the Department of Law is the proper appointing authority, it is responsible for following any court orders relative to this matter. This responsibility includes the payment of Dr. Perry's emoluments. Dr. Perry's emoluments have been paid by the Department of Law.[18] As such, the Department *598 of Law's assignment of error regarding which entity was responsible for paying Dr. Perry's emoluments is deemed moot.
Award of attorney's fees
The Department of Law argues that it should not be responsible for Dr. Perry's attorney's fees, which were awarded in the Commission's March 27, 2017 order due to the delay in reinstatement of her emoluments. It contends the delay was caused by the Commission and Dr. Perry's own actions. Essentially, the Department of Law argues that if the Commission had not placed the burden of finding Dr. Perry a comparable position on the Department of Law and completed the task itself, no delay would have occurred.
In Perry I , Dr. Perry argued that the Commission erred in failing to grant attorney's fees. This Court did not address the issue because Dr. Perry failed to cite any rule or statute which would support an award of attorney's fees.[19] However, this Court noted that a future possible award for attorney's fees, relative to this matter, was possible. In Perry I , this Court stated:
We recognize that Civil Service Commission Rule II, § 11.4 provides that an employee may seek attorneys' fees for non-compliance with a final judgment of an order for reinstatement:
In the event that the reinstatement ordered in [Rule II,] Section 1[1].1 is not fully accomplished within forty-five (45) days from the date the judgement [sic ] becomes final, on application from the employee or his legal counsel, the Commission may assess appropriate attorney's fees for services occasioned by the City's failure to comply with the provisions of this Section in a timely manner. (adopted December 11, 1986, effective January 1, 1987).[20]
In its March 27, 2017 order, the Commission found that the Department of Law's failure to timely restore all emoluments violated this Court's order in Perry I and as such, pursuant to Civil Service Commission Rule II, § 11.4, it would award attorney's fees. The Commission reasoned that attorney's fees were warranted because the Department of Law still had not fully restored Dr. Perry's emoluments, and the judgment ordering it to do so became final as of December 15, 2012. It has long been reasoned that attorney's fees are awarded at the discretion of the Commission. "An award of attorney fees is a discretionary act by the Civil Service Commission, generally premised on a finding that the action of the appointing authority was unreasonable, and an abuse of that discretion must be shown for the award to be modified or vacated."[21] We will not disturb the Commission's order awarding attorney's fees. As such, we find that the award of attorney's fees was not an abuse of discretion by the Commission and find no merit to this assignment of error.
Dr. Perry's Answer to Appeal
Amount of attorney's fees
In her answer to the appeal, Dr. Perry argues that the Commission erred in the amount of attorney's fees granted in its May 15, 2017 order. Dr. Perry argues that the amount awarded was not reflective of the amount of time her attorney spent litigating this matter. The Commission ordered Dr. Perry to submit an invoice *599 outlining the time spent litigating the emoluments issue. Dr. Perry submitted documentation reflecting 70.11 hours spent attempting to resolve the issues regarding the emoluments.
The Commission found that Dr. Perry's attorney's hourly rate of $175.00 was reasonable and, upon review of the documentation submitted, the Commission determined that an award of attorney's fees were appropriate for three events, totaling 13.5 hours. The Commission awarded Dr. Perry a total of $2,362.50 in attorney's fees.
There are certain factors that are considered in determining the reasonableness of attorney fees. Those factors include:
(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. [T]hese factors are derived from Rule 1.5(a) of the Rules of Professional Conduct....[22]
As stated above, an award of attorney's fees by the Commission is a discretionary act and absent an abuse of discretion will not be disturbed. However, we find that modification of the amount of attorney's fees is warranted when taking into consideration the Williamson factors outlined above coupled with the facts of this case. Although the Commission listed nine of these ten elements when considering the award of attorney's fees, Dr. Perry spent over five years litigating the emoluments issue and the amount of attorney's fees should be reflective of that effort and responsibility.[23] As such, we find that the attorney's fees should be increased to $12,269.25 to include the entire 70.11 hours Dr. Perry's attorney expended litigating the emoluments compliance issue in this matter.
Frivolous appeal
In her answer to appeal, Dr. Perry argues that this Court should impose sanctions on the Department of Law for filing a frivolous appeal. "[A]ppeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted due in part to the possible chilling effect on the appellate process."[24] La. C.C.P. art. 2164, the statute which provides for frivolous appeals, must be strictly construed in favor of the appellant, as it is penal in nature.[25] As such, we find that the imposition of damages for frivolous appeal is not warranted. Accordingly, we hereby deny the request for sanctions.
Conclusion
For the foregoing reasons, we find that the Department of Law is Dr. Perry's *600 appointing authority and that the Commission did not err in directing its orders toward the Department of Law. We also find that the imposition of attorney's fees to Dr. Perry was warranted however, the Commission erred in its calculation. As such, Dr. Perry's award of attorney's fees is increased to reflect the entire 70.11 hours expended by her attorney for a total of $12,269.25.
ORDER AMENDED AND AFFIRMED AS AMENDED

Lucille Perry v. City of New Orleans, 2011-0901, p. 1 (La.App. 4 Cir. 2/1/12), 104 So.3d 453, 454.

Id.

Id.

Id. at 2.

Id.

Id.

Id. at 3.

Id. at 7.

Id. at 9.

Id. at 10.

Russell v. Mosquito Control Bd. , 2006-0346, p. 7 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639.

Hereinafter, Lucille Perry v. City of New Orleans, 2011-0901, (La.App. 4 Cir. 2/1/12) 104 So.3d 453 shall be referred to as Perry I.

Civil Service Rule 1.4.

Miller v. State Department of Health , (La.App. 1 Cir. 11/20/61) 135 So.2d 570, 575.

Perry , 104 So.3d 453 at 455.

Id. at 10.

Lucille Perry v. City of New Orleans , 2017-CA-0787.

The Department of Law stated, during oral argument, that the emoluments have been paid.

Perry , 104 So.3d 453 at 458.

Id. at 9 n.9.

Beverly Ray v. Department of Labor , 2008-0309, p. 4 (La.App. 1 Cir. 11/3/08), 998 So.2d 206, 209 ) (citing Morgan v. Louisiana State University , 06-0570 (La.App. 1 Cir. 4/4/07), 960 So.2d 1002, 1007 ) ).

Rivet v. State, Dept. of Transp. and Development , 96-0145, pp. 11-12 (La. 9/5/96), 680 So.2d 1154, 1161-62 ) (citing State, DOTD v. Williamson , 597 So.2d 439, 442 (La. 1992) ).

The Commission's May 15, 2017 order does not list "the responsibility incurred" as a factor taken into consideration in calculating attorney's fees.

Sullivan v. Malta Park , 2016-0875 (La.App. 4 Cir. 1/31/17), 215 So.3d 705, 709 ) (citing Johnson v. Johnson , 08-0060, pp. 5-6 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, 801 ) (quoting Tillmon v. Thrasher Waterproofing , 00-0395, p.8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137 ) ).

Hunter v. Maximum Grp. Behavioral Servs., Inc. , 2010-0930 (La. App. 4 Cir. 3/16/11), 61 So.3d 735, 739 ) (citing Levy v. Levy, 02-0279, pp. 17-18 (La.App. 4 Cir. 10/2/02), 829 So.2d 640, 650 ) ).