SCHOTT, Chief Judge.
This is an appeal by a civil servant from action taken by the Civil Service Commission on his appeal from dismissal from the service by his appointing authority. The Commission reinstated appellant without back pay for the year intervening since his dismissal. The issue is whether the Commission had the authority to deprive appellant of back pay beyond one hundred twenty (120) days from the date of his discharge by the appointing authority.
Appellant’s only assignment of error is that the Commission failed to follow its own rules by depriving him of back pay for almost a year. He cites Rule IX, Section 1.1, which provides the appointing authority with a menu of disciplinary actions available to him with respect to an offending employee. These include removal from the service and “suspension without pay not exceeding in the aggregate one hundred twenty (120) days in any period of twelve (12) consecutive calendar months ...”
By its own terms this rule applies to the appointing authority. It does not purport to provide actions available to the Commission when it determines that dismissal of an employee is not appropriate. In this situation the Commission is governed by LSA-R.S. 33:2424 which provides in case the commission disapproves a dismissal it shall reinstate the employee “under the conditions which it deems proper, and may order full pay for lost time.”
Hermann v. New Orleans Police Department, 238 La. 81, 113 So.2d 612 (1959) cited by appellant does not support his position. There the court found that the employee’s suspension and dismissal were illegal because the required procedure was not followed. Under these circumstances the employee was clearly entitled to all back pay. Here, appellant’s dismissal was not illegal; it was found to be an inappro *91 priate punishment for the offense considering the circumstances.
Accordingly, the ruling of the Civil Service Commission is affirmed.
AFFIRMED.