669 So.2d 726 (1996)
George PERKINS
v.
SEWERAGE AND WATER BOARD.
No. 95-CA-1031.
Court of Appeal of Louisiana, Fourth Circuit.
February 29, 1996.
Rehearing Denied March 26, 1996.
*727 Michael F. Adoue, Metairie, for plaintiff/appellant, George Perkins.
David F. Mayer, Sewerage and Water Board of New Orleans, New Orleans, for defendant/appellee, Sewerage and Water Board of New Orleans.
Before SCHOTT, C.J., and PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
George Perkins appeals a ruling of the New Orleans Civil Service Commission in which he was reinstated to his position as a Maintenance Worker II with the Sewerage and Water Board (S & WB), but denied full retroactivity and back pay. Mr. Perkins contends that since the Commission determined that he was denied his due process rights his termination was illegal, and he is entitled to be paid all wages and salaries withheld during his period of illegal separation.
George Perkins was employed by the S & WB on October 18, 1987, and was appointed Utilities Maintenance Worker II on August 24, 1992. On June 2, 1993, he became involved in an incident with his supervisor, Rayfield Mallet. On that date, some hours after the incident, he was called before Mr. Mallet and another employee for a pre-termination hearing. He was notified of his termination by letter dated June 3, 1993. Mr. Perkins appealed this termination. The matter was set for hearing on August 11, 1993, but was continued at the request of counsel for Mr. Perkins. The hearing was not held until June 3, 1994, exactly one year from the date of Mr. Perkins' termination. There is nothing in the record to explain the ten month delay in rescheduling the hearing.
In its decision dated November 1, 1994, the Civil Service Commission stated:
The evidence relating to the pretermination hearing indicates that several hours after the alleged incident on June 2, 1993, Mr. Leroy Johnson, who was Utilities Maintenance Supervisor III with the Sewerage & Water Board, was told by Mr. Mallet to go get Appellant and bring him back for a meeting. Mr. Johnson told Appellant to come to a meeting without *728 informing him of the purpose of the meeting. The record is clear that after this oral notice to Appellant of a meeting, approximately twenty minutes elapsed before Appellant reported to Mr. Mallet's office. Appellant was told at the meeting what the charges were and he was asked if he had any comments. Appellant did not defend himself at the meeting. He testified at the Civil Service hearing that he was intimidated at the meeting by the presence of his supervisors. Appellant also testified that he was not given an opportunity at the meeting with Mr. Mallet to produce witnesses to support his version of the incident. Mr. Mallet testified that he had made up his mind to recommend terminating Appellant before the meeting occurred.
Immediately following the so-called pretermination hearing Mr. Mallet signed a statement recommending Appellant's termination.
The Commission then reviewed the legal precepts applicable to disciplinary action against an employee who has gained permanent status in the classified city civil service, and concluded that Mr. Perkins had not been afforded procedural due process.[1] Specifically, the Commission found that "Civil Service Rule IX, § 1.2 interpreted in cases such as Riggins v. Department of Sanitation ... requires more than the last minute oral notification of a pretermination hearing and cursory opportunity to prepare and present evidence which occurred in this case."
Having found that the record contained substantial evidence that Mr. Perkins engaged in serious misconduct, the Commission held that its decision would not preclude the S & WB from dismissing Mr. Perkins after it had complied with the law governing dismissal of public employees.[2] It then ordered Mr. Perkins reinstated to his former position effective October 31, 1994, without back pay.
While an appellate court cannot modify the Commission's factual findings absent manifest error, review of procedural decisions and questions of law fall within the appellate court's traditional plenary function and is not limited to the abuse of discretion or arbitrary/capricious standards. Walters v. Dept. of Police, 454 So.2d 106, 113 (La.1984); Walton v. French Market Corp., 94-2457, p. 3 (La.App. 4th Cir. 4/26/95), 654 So.2d 885, 887.
In this case, the Commission's factual determination that the S & WB failed to comply with due process requirements in discharging Mr. Perkins is not challenged by either party.[3] Instead, the question presented is whether the law permits the Commission to exercise discretion in its order of relief after finding an Appointing Authority's termination action violated the employee's constitutional right to due process.
Mr. Perkins contends that his discharge was illegal, as referred to in La.Rev.Stat. Ann. § 49:113, which provides as follows:

*729 Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
Citing Maurello v. Dept. of Health and Human Resources, 546 So.2d 545 (La.App. 1st Cir.1989), Mr. Perkins asserts that he was therefore entitled to reinstatement effective June 4, 1993. And since no evidence of his earnings in the interim period was presented at the hearing, he asserts he is also entitled to his full salary during the period of illegal separation.
The S & WB responds that this situation is governed by the discretionary provisions of La.Rev.Stat.Ann. § 33:2424, which provides for reinstatement by the Commission "under the conditions which it deems proper," which may include "full pay for lost time." Relying on Recasner v. Dept. of Fire, 94-0815 (La. App. 4th Cir. 11/17/94), 645 So.2d 1291, it argues that because the Commission found that Mr. Perkins' termination was justified under the circumstances, reinstatement without backpay was not an abuse of discretion. Instead, the S & WB asserts the Commission's order properly balances their mere failure to comply with the "technical" notice requirement against Mr. Perkins' gross misconduct.
We find that the Commission's discretionary authority under La.Rev.Stat.Ann. § 33:2424 does not apply in this instance, as explained in Hermann v. New Orleans Police Dept., 238 La. 81, 95-103, 113 So.2d 612, 617-620 (1959) (on reh'g). In that case, the Civil Service Commission had reinstated a police captain because the New Orleans Police Department's termination procedure violated the requirements of Article XIV, § 15(N)(1) of the Louisiana Constitution of 1921, but denied him full back pay. Initially, our Supreme Court held that the Commission's action was a proper exercise of its discretion under Article XIV, § 15(O)(3) of the Constitution of 1921, which read:
If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time.[4]
Hermann at 95, 113 So.2d at 617 (emphasis added). On rehearing, however, the court found that this provision "has no application in the case of an illegally dismissed employee but is appropriate where the penalty imposed was excessive or where the cause for dismissal did not justify the penalty." Id. at 97, 113 So.2d at 617-18. Instead, if the law was not followed in terminating an employee, then his status as a civil servant was not affected and he remained entitled to payment for the period of illegal discharge. Id. See also, Cousins v. Dept. of Safety & Permits, 597 So.2d 90 (La.App. 4th Cir.), writ denied, 600 So.2d 677 (La.1992). In this case, since the S & WB did not comply with due process requirements in terminating Mr. Perkins' employment, his discharge was illegal; the Commission had no discretionary authority regarding the date of reinstatement.
Having found that Mr. Perkins was entitled to reinstatement effective June 4, 1993, we now consider his claim for full back pay. Because Mr. Perkins' termination was illegal, he retained his status as a civil service employee of the S & WB, and was entitled to receive payment of his salary until he was lawfully removed. Hermann, supra. La. Rev.Stat.Ann. § 49:113 was enacted in response to the decision in Hermann and similar cases that an illegally discharged employee must receive full back pay, even if other employment had been found in the interim period. LeBlanc v. New Orleans Police Dept., 231 So.2d 568, 569 (La.App. 4th Cir.), writ refused, 255 La. 914, 233 So.2d 563 (1970). The language of the statute is mandatory. If the S & WB can establish that *730 Mr. Perkins was employed between June 3, 1993, and the date of his lawful removal, it is entitled to offset the amount earned from that employment against the back pay owed Mr. Perkins. Therefore, the matter must be remanded for a determination of the credit due the S & WB for all wages and salaries earned by Mr. Perkins during the period of separation pursuant to La.Rev.Stat.Ann. § 49:113.
For these reasons, the judgment of the Civil Service Commission of the City of New Orleans is amended to provide that George Perkins was reinstated to his former position effective June 4, 1993, and he is to be paid all wages and salaries and benefits withheld from that date until he was legally terminated, against which amount shall be credited all amounts earned by Mr. Perkins in other employment for the same period. As amended, the judgment is affirmed, with the Appellee to bear all costs. The matter is remanded for a determination of the amount due in back pay and benefits after set-off for interim earnings.
JUDGMENT AMENDED AND AFFIRMED AS AMENDED; MATTER REMANDED.
NOTES
[1] We note that the S & WB was on notice of the problems with the pre-termination notice and hearing afforded Mr. Perkins shortly after its actions. In a memo dated June 8, 1993, the S & WB General Counsel recommended that "this disciplinary matter be handled as a suspension with a pending investigation to determine whether or not dismissal is appropriate."
[2] According to the S & WB's brief, subsequent to Mr. Perkins' reinstatement a pre-termination hearing was scheduled for November 15, 1994. Mr. Perkins received oral and written notification of the hearing, which was conducted in compliance with the Commission's decision. Mr. Perkins produced no witnesses at the hearing, and did not comment on the recommendation that he be terminated. He was terminated effective that date. According to Mr. Perkins' counsel he is presently employed in a civil service position with the Department of Parks and Parkways.
[3] Nor do we find any error in this decision. The essential elements of due process are notice and an opportunity to respond. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story prior to disciplinary action. Id. at 532, 105 S.Ct. at 1495; Bell v. Dept. of Health & Human Resources, 483 So.2d 945, 948 (La.), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986). The Commission's own rules require "much more than last minute notice and a cursory opportunity to explain" the employee's defense. Riggins v. Dept. of Sanitation, 617 So.2d 112, 115 (La.App. 4th Cir.), writ denied, 619 So.2d 1064-65 (La.1993).
[4] Section 15 of Article XIV was added to the Constitution of 1921 by an amendment adopted Nov. 4, 1952, which provided that subsections (N)(1-9) and (O)(1-8) would become effective June 30, 1953. The language at issue here is obviously derived from that in La.Rev.Stat.Ann. § 33:2424, which was originally enacted by Acts 1940, No. 171, § 34. See, e.g., Gervais v. New Orleans Police Dept., 226 La. 782, 77 So.2d 393 (1954).