Judge Terri F. Love
This matter arises from termination of Terrie Doyle ("Ms. Doyle") from her employ with the Sewage and Water Board ("SWB"). Ms. Doyle seeks reversal of the Civil Service Commission's ("the Commission") ruling that denied her an award of back pay from the date of her termination.
*808 In that Ms. Doyle's due process rights were not violated, the Commission did not err in denying Ms. Doyle back pay. Accordingly, we affirm the Commission's judgment.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
Ms. Doyle was a classified employee with permanent status and worked as an Office Assistant Trainee for the SWB for the City of New Orleans. Ms. Doyle was suspended for five days for violating the SWB's attendance policy and was later terminated for a subsequent attendance policy violation. Between March and April 2016, the SWB issued to Ms. Doyle one verbal reprimand and seven written reprimands for violations of its attendance policy.
In a prior appeal, Doyle v. Sewage & Water Board , Doc. No. 8511 ("Doyle I ") involving the same parties, the Commission found that the SWB did not have sufficient cause to issue a written reprimand and three-day suspension related to a March 2016 absence. The Commission noted that Ms. Doyle had a "dismal record of punctuality and attendance, but that the incident... should have been classified as an excused absence" under the SWB's attendance policy. The Commission further held that the SWB could rely upon earlier reprimands in issuing future discipline.
In April 2016, the SWB subsequently issued to Ms. Doyle a five-day suspension for three additional written reprimands Ms. Doyle received following the three-day suspension vacated in Doyle I . Ms. Doyle did not contest the facts that resulted in her five-day suspension but alleged that the SWB attendance policy mandates a three-day suspension before the SWB may issue a five-day suspension. The SWB argued that it has the discretion to determine the appropriate level of discipline for violations of its attendance policy and that the penalty matrix serves as a guide.
In another incident, in May 2016, Ms. Doyle reported for work when at some time in the late morning she received a call from her daughter's school. The school informed her that her daughter had a temperature of 102 degrees. The school's policy required that her daughter remain away from school until she no longer had a fever or a physician released her to return to school. No one in Ms. Doyle's family was available to pick up her daughter. When Ms. Doyle received the call, both of Ms. Doyle's supervisors were meeting with new employees. Ms. Doyle did not enter the room where her supervisors were conducting the orientation, but she attempted to catch their attention through the window of the door. She was unsuccessful, so she decided to notify the office assistant, a higher ranking employee than Ms. Doyle. The office assistant agreed to let Ms. Doyle's supervisors know, and Ms. Doyle left work to pick up her daughter from school. Ms. Doyle left at 10:29 a.m., dropped her daughter off at her boyfriend's residence, and returned to work by 11:17 a.m. Ms. Doyle worked through her lunch break to make up the time she lost. Ms. Doyle received a written reprimand the following day because she "left work without informing [her] supervisor." Thereafter, Ms. Doyle received a letter from the SWB notifying her of her termination.
Ms. Doyle filed an appeal with the Commission, challenging her five-day suspension and termination. In August 2017, the Commission granted in part and denied in part Ms. Doyle's appeal. The Commission denied Ms. Doyle's appeal as to her five-day suspension. However, the Commission granted her appeal as to her termination and ordered Ms. Doyle reinstated but without back pay and emoluments. On appeal *809 to this Court, Ms. Doyle seeks reversal of the Commission's denial of her request for back pay.
STANDARD OF REVIEW
This Court reviews findings of fact under the manifest error/clearly wrong standard of review. La. Const. art. X, § 12 (B); Thornabar v. Dep't of Police , 08-0464, p. 2-3 (La. App. 4 Cir. 10/15/08), 997 So.2d 75, 77. "In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission determination unless it is arbitrary, capricious, or characterized by an abuse of discretion." Id. (citing Cure v. Dep't of Police , 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094 ). A decision is arbitrary and capricious "if there is no rational basis for the action taken by the Civil Service Commission." Id. (citing Cure , 07-0166, p. 2, 964 So.2d at 1095 ).
Additionally, "review of procedural decisions and questions of law fall within the appellate court's traditional plenary function and is not limited to the abuse of discretion or arbitrary/capricious standards." Perkins v. Sewerage & Water Bd. , 95-1031 (La. App. 4 Cir. 2/29/96), 669 So.2d 726, 728.
DISCUSSION
On appeal, Ms. Doyle challenges the Commission's refusal to award her back pay after reinstating her employment. She claims she is entitled to back pay because her termination was illegal pursuant to La. R.S. 49:113, which states:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
Citing Perkins , Ms. Doyle contends that the written reprimands were issued in violation of the Commission Rules and her due process rights, requiring notice, and therefore, she is entitled to back pay.
The SWB alleges that Ms. Doyle attempts to create an issue of law where none exists by relying on her perceived rationale for her termination rather than the rationale the SWB actually relied upon. It avers that Ms. Doyle incorrectly claims that the rationale for her termination was the letters of reprimand. Rather, the SWB points to the Commission's decision which acknowledged the SWB's argument that Ms. Doyle's termination was based on her "entire work history." Further, the SWB maintains that there is no basis for Ms. Doyle's assertion that her due process rights were violated. It alleges that the evidence proves that Ms. Doyle received notice of her pre-termination hearing and was afforded a meaningful opportunity to respond.
La. R.S. 33:2424 states, in pertinent part, that in instances in which the Commission finds the disciplinary action to be unreasonable "the [C]ommission shall reinstate the employee under the conditions which it deems proper, and may order full pay for lost time." Id. (Emphasis added). However, "if the law was not followed in terminating an employee then his status as a civil servant was not affected and he remained entitled to payment for the period of illegal discharge." Perkins , 669 So.2d at 729 (citing Herman v. New Orleans Police Dep't , on reh'g , 238 La. 81, 113 So.2d 612, 617-18 (1959) ).
*810 In this case, the Commission determined that based on Ms. Doyle's work record and the SWB's discipline policy, Ms. Doyle was on notice that her continued tardiness would result in substantial discipline; thus, there was ample justification to issue the five-day suspension. More importantly, the Commission determined that while the SWB argued that Ms. Doyle's termination was based on her "entire work history," the main motivation for terminating Ms. Doyle was the May 2016 incident. The Commission supported its finding by noting that, based on the SWB's discipline policy, the SWB could have moved for Ms. Doyle's termination after her third instance of tardiness for the month of April but elected not to do so. The Commission stated that generally "it is a prudent measure" for an employee to have a direct conversation with her supervisor before leaving work during a regularly scheduled shift. However, the Commission reasoned that given Ms. Doyle's "urgent need to act quickly [it did] not find it unreasonable for her to have asked a co-worker to inform her supervisors of the family emergency." Therefore, the Commission found the SWB did not have sufficient cause to terminate Ms. Doyle based on the May 2016 incident and reinstated Ms. Doyle's employment.
The Commission determined that the SWB lacked sufficient cause to terminate Ms. Doyle, but it did not find the SWB's termination of Ms. Doyle violated her constitutional right to due process. In Perkins , the SWB conceded that the employee's termination violated his due process rights in that he was only given oral notice of a meeting and was not informed that the purpose of the meeting was to discuss the charges made against him or given an opportunity to produce witnesses to support his version of the incident. Perkins , 669 So.2d at 727-28. Consequently, the Commission found his termination was illegal and he was entitled to back pay. Id. , 669 So.2d at 729. Ms. Doyle's termination, by contrast, complied in all respects with her procedural due process rights.
Ms. Doyle received notice of her pre-termination hearing and actively participated in the pre-termination process. The SWB issued a five-day suspension to Ms. Doyle, citing the three additional written reprimands it issued following the March three-day suspension. In concluding that there was sufficient cause to issue the five-day suspension, the Commission noted that Ms. Doyle did not contest the facts that led to the issuance of the five-day suspension. Similarly, despite having the opportunity to do so, Ms. Doyle did not contest the facts related to her three attendance reprimands at her pre-termination hearing. She only challenged the facts as it related to her final instance of absenteeism in May 2016. As the SWB points out, whether "a prior disciplinary action could have been overturned on due process grounds [has] no bearing on the facts that led to the disciplinary action in this case." We find that the SWB complied with the due process requirements during the termination proceedings. Because the SWB complied with the due process requirements and the law was followed, Ms. Doyle's reliance on Perkins is misplaced as her discharge was not illegal. Her discharge was without sufficient cause. Therefore, the Commission had the discretionary authority to deny Ms. Doyle back pay pursuant to La. R.S. 33:2424.
Moreover, the record is replete with evidence that Ms. Doyle "had a dismal record of punctuality and attendance." The Commission reasoned that while her actions in May 2016 do not amount to misconduct, Ms. Doyle has "benefitted" from the SWB's "lenient" attendance policy "by being late to her assignment on three separate occasions after being suspended for attendance violations and receiving numerous *811 warnings regarding her unacceptable attendance pattern." Thus, the Commission held that Ms. Doyle's next substantiated violation of the SWB's attendance policy may serve as sufficient cause for termination. We find the Commission's factual findings indicate a rational basis for their decision to deny Ms. Doyle an award of back pay. Accordingly, we will not disturb the Commission's decision.
DECREE
We find Ms. Doyle's due process rights were not violated as she was provided notice of her pre-termination hearing and an opportunity to respond. Therefore, the present matter is distinguishable from Perkins . Further, we find the record establishes a rational basis for the Commission's decision to reinstate Ms. Doyle's employment, but deny her back pay. Therefore, we affirm the Commission's August 2017 judgment.
AFFIRMED