ANTHONY WOODS      *      NO. 2021-CA-0689

VERSUS      *

     COURT OF APPEAL

FRENCH MARKET      *
CORPORATION

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

         * * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9082, ""
Hearing Officer No Hearing Officer, Hearing Officer
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Pro
Tempore Judge Madeline Jasmine)

Anthony Woods
3005 Pakenham Drive
Chalmette, LA 70043


     COUNSEL FOR PLAINTIFF/APPELLANT


Elizabeth Robins
DEPUTY CITY ATTORNEY
Kevin Christopher Hill
CITY OF NEW ORLEANS ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112


     COUNSEL FOR DEFENDANT/APPELLEE

           **AFFIRMED**
           **MARCH 23, 2022**

*MJ*

*RLB*

*DLD*

This appeal arises from the ruling of the Civil Service Commission upholding the suspension and termination of a French Market Corporation employee. Appellant, the employee, asserts he was denied his constitutional rights to notice and due process. For the reasons that follow, we affirm the ruling of the Civil Service Commission.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pro Se Appellant, Anthony Woods ("Appellant") was a classified permanent employee for the city of New Orleans and worked for the French Market Corporation ("Appellee") as a painter.

On August 23, 2019, Appellant arrived at his supervisor, Robert Matthews's ("Mr. Matthews"), office to provide documentation regarding a previous absence.

1

During this visit, the pair argued over who should make a copy of the documentation. Appellant threw the paperwork towards Mr. Matthews, and the paper fell to the ground. As Mr. Matthews stood up to retrieve the paperwork, Appellant approached Mr. Matthews, grabbed him by the neck, and slammed him against the wall (hereinafter the 'Altercation"). Appellant quickly let go and apologized. The two went to copy the documentation before Appellant left the premises. Appellant claims Mr. Matthews was holding a screwdriver and a walkie-talkie and he acted in self-defense. The Altercation was witnessed by Yolanda Diaz, a custodian.

Mr. Matthews reported the Altercation to Appellee's human resources department, which took statements from Mr. Matthews and Yolanda Diaz. The police were called, but no charges were filed.

On August 23, 2019 – the same day as the Altercation – Appellee immediately terminated Appellant without conducting a hearing. The termination letter was mailed to an address on West Laverne St. in New Orleans, Louisiana.

On August 26, 2019, Appellant appealed the termination to the Civil Service Commission (the "Commission") and was assigned case number 9067. The appeal request form listed Appellant's address as being located on Pakenham Dr. in Chalmette, Louisiana.

On September 5, 2019, Appellee rescinded the termination and reimbursed Appellant his lost wages. A rescission letter was mailed to the West Laverne St. address. Appellee attempted to speak with Appellant by phone regarding the

2

rescission of the termination. Appellant reports he did not agree to the rescission or receiving the back pay.

On the same day, Appellee issued a letter titled "Notification of Emergency Suspension and Notification of Pre-Termination Hearing" placing Appellant on a thirty (30) day suspension without pay and scheduling a pre-termination hearing for September 11, 2019. The letter identified the reasons for the suspension and termination as 1) Appellant's refusal to follow instructions given by his supervisor; 2) Appellant's use of profane language; and 3) Appellant's physical assault of his supervisor by pushing him against the office wall in an aggressive and threatening manner. This letter was mailed by certified and regular mail to the West Laverne St. address.

On September 11, 2019, the pre-termination hearing was held and Appellant did not appear.

On September 20, 2019, Appellant was terminated from employment. On the same day, Appellant appealed this second termination to the Commission and was assigned case number 9082. Appellant's application for appeal listed West Laverne St. as his address.

On November 21, 2019, an administrative hearing regarding both of Appellant's appeals was held before the Commission. The hearing officer first addressed case 9067 and noted the August 23, 2019 termination had been rescinded and Appellant received back pay thus resolving the matter. Appellant agreed the matter was resolved and the focus of the hearing became case 9082.

3

Appellant, representing himself, was afforded the opportunity to cross-examine witnesses and testify on his own behalf. Following the hearing, the Commission, relying on the record presented and testimony, ruled Appellee met their burden of proof and upheld the suspension and termination.

Appellant timely appealed the Commission's ruling.

On February 11, 2020, Appellant filed a similar case in US District Court for the Eastern District of Louisiana against Appellee, Mayor LaToya Cantrell, Robert Matthews, the City of New Orleans, Elizabeth S. Robins, Rhonda Sidney, N'Gai Smith, and Kathleen Turner alleging racial discrimination in violation of Title VII and seeking redress of violations of at least twenty-one statutes, doctrines, and laws. *Woods v. Cantrell*, No. CV 20-482, 2021 WL 981612, at *1 (E.D. La. Mar. 16, 2021). The court dismissed all claims with prejudice except for the Fourteenth Amendment claims which were dismissed without prejudice pending the outcome of this appeal when the issue will be ripe. *Id*. at *19. Appellant's state law claims and all federal claims construed as improperly raised, or otherwise rejected because they were not properly before the court, were dismissed without prejudice. *Id*.[1]

## DISCUSSION

### *Assignments of Error and Issues for Review*

Appellant asserts the following assignments of error:

- The Commission exceeded its authority denying Appellant's initial appeal and granting second appeal to Appellee;

---

[1] An appeal of this ruling is currently pending in the U.S. Fifth Circuit.

- The Commission abused its discretion by finding Appellee carried its burden; and

- The Commission's conclusion of law committed manifest error.

Appellant presents the following issues for review:

- Whether Appellee's termination of employment violated Appellant's constitutional due process rights;

- Whether Kathleen Turner's (Appellee's Executive Director and appointing authority) conduct complied with Civil Service Rules and Policies of Appellee;

- Whether Rhonda Sidney, Appellee's Human Resources' Director, had authority to terminate Appellant's employment with Appellee;

- Whether Attorney Elizabeth S. Robins, Staff Attorney for the City of New Orleans, had power or authority to negotiate terms and conditions to rehire and rescind Appellant's employment termination with Appellee;

- Whether the Commission's analysis and application of the rules violated Appellant's constitutional rights and rules of civil service; and

- Whether the conduct of Appellee, city officers, and staff members constituted fraud warranting reversal of the judgment of the Commission.

## *Standard of Review*

Once the appointing authority imposes discipline on an employee, the employee has a right to seek an appeal with the State Civil Service Commission. La. Const. art. X §12. The Commission has the authority to hear and decide all disciplinary cases. *Id*. On appeal, the Commission "has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action." *Whitaker v. New Orleans Police Dep't*, 2003-0512, p.2 (La. App. 4 Cir. 9/17/03), 863 So. 2d 572, 574.

This Court reviews the Civil Service Commission's findings of fact under a clearly wrong or manifest error standard. La. Const. art. X §12; *Doyle v. Sewerage*

5

*& Water Bd.*, 2017-0928, p. 3 (La. App. 4 Cir. 5/16/18), 247 So. 3d 806, 809. The decision of the Civil Service Commission should not be modified unless it is arbitrary, capricious, or characterized by an abuse of discretion. *Id.* (citing *Thornabar v. Dep't of Police*, 08-0464, p. 2-3 (La. App. 4 Cir. 10/15/08), 997 So. 2d 75, 77). Questions of law are reviewed de novo. *Liang v. Dep't of Police*, 2013-1364, p. 8 (La. App. 4 Cir. 8/20/14), 147 So. 3d 1221, 1225.

## *Analysis*

Before beginning our in-depth analysis, we first consider whether there are any assignments of error or allegations this Court need not address.

From the outset, this Court notes that Appellant's third assignment of error that the Commission's conclusion of law amounted to manifest error was not briefed; consequently, it is deemed abandoned. *See* Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4) [2]; *State v. Foy,* 439 So. 2d 433, 435 n. 1 (La.1983); *Bell v. Dep't of Police*, 13-1529, pp. 6-7 n. 4 (La. App. 4 Cir. 5/21/14), 141 So. 3d 871, 875; *Maldonado–Mejia v. Eversound Kitchen & Bath, LLC*, 15-0859, p. 5 (La. App. 4 Cir. 4/20/16), 194 So. 3d 1136, 1139.

This Court also declines to address certain constitutional allegations made by Appellant. Appellant alleges he was denied certain constitutional rights that the entire appeals process was "corrupted" to the extent he was defrauded out of a "full and fair trial." Specifically, he alleges:

1. His due process rights were violated because he was not afforded the right to be heard or to confront his accusers.

---

[2] Held unenforceable, in part, on other grounds, in *Clark v. Dep't of Police*, 12-1274, p. 7 (La. App. 4 Cir. 2/20/13), 155 So. 3d 531, 536.

6

2. His due process rights were violated because his testimony was not believed over the testimony of Appellee and its witnesses;

3. His right to assemble and petition was violated because case 9067 was dismissed as the result of fraudulent misrepresentation on the part of Appellee; and

4. His right of access to the courts was violated because case 9067 was dismissed.

Appellant's allegations that his constitutional rights to assemble and petition, and his right of access to the courts were violated were not raised, alleged, or addressed to the Commission.

> The longstanding jurisprudential rule of law in Louisiana is that litigants must raise constitutional attacks in the trial court, not the appellate courts, and that the constitutional challenge must be specifically pleaded and the grounds for the claim particularized. *Id*. 2009-1067, p. 4, 9 So. 3d. at 857 (citing *Mosing v. Domas*, 2002-0012 (La. 10/15/02), 830 So. 2d 967; *Vallo v. Gayle Oil Co.*, 1994-1238 (La. 11/30/94), 646 So. 2d 859). "The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute." *Id*. (citing *State v. Hatton*, 2007-2377, p. 14 (La. 7/1/08), 985 So. 2d 709, 719).

*Chaumont v. City of New Orleans*, 2020-0017, p. 4 (La. App. 4 Cir. 6/3/20), 302 So. 3d 39, 46. Appellant raises the issues of right of assembly and petition, and access to the courts for the first time on appeal; therefore, he waived these constitutional challenges, and this Court declines to address them.

Appellant's allegation that he was denied due process addresses the dismissal of the first appeal. Even though the Commission hearing did not specifically address Appellant's due process rights regarding the first appeal, lack of due process for the initial appeal was properly before the Commission and we shall address it as the first assignment of error.

7

*The Commission exceeded its authority denying Appellant's initial appeal and granting second appeal to Appellee*

In the first assignment of error, Appellant asserts the dismissal of the first appeal regarding the August 23 termination was in error because 1) he was not afforded the opportunity to be heard regarding the appeal, and 2) the Commission relied on the "fraudulent" testimony of Appellee.

Civil service employment is a property right that cannot be taken away without due process. *Matusoff v. Dep't of Fire*, 2019-0932, p. 6 (La. App. 4 Cir. 5/20/20), *writ denied*, 2020-00955 (La. 10/20/20), 303 So. 3d 313. In every case of employment termination of a regular employee, the appointing authority shall conduct a pre-termination hearing as required by law and shall notify the employee of the disciplinary action being recommended prior to taking the action.

Rule IX, § 1.3 of the civil service rules requires the notice to be in writing as follows:

> In every case of termination, suspension, reduction in pay, letter of reprimand, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, within five (5) working days of the effective date of the action, the appointing authority shall furnish the employee and the Personnel Director a statement in writing of the reasons therefore.

The August 23 termination occurred without a pre-termination hearing or required notice. This termination was a violation of Appellant's right to due process; however, the United States Fifth Circuit offers guidance on how such an error may be cured. According to the Fifth Circuit, this violation can be cured by rescinding the termination and providing back pay. *Thibodeaux v. City of Opelousas*, 250 F.3d 740; No. 00-31182, 2001 U.S. App. 2001 WL 274441 at *1 (5th Cir. Feb. 14, 2001). In *Thibodeaux*, the appellant was terminated without the

benefit of a pre-termination hearing and sought relief in the federal courts. *Id*. at *2. The termination was quickly rescinded and proceedings were instituted using proper procedure. *Id*. Ultimately, the appellant received notice, a pre-termination hearing, and appellate review in the state court. *Id*. The court found the appellant had received "full procedural due process" and affirmed the dismissal of plaintiff's claims. *Id*.

We agree with the Fifth Circuit's holding and apply the same to the instant case. Appellee, likely realizing the procedural deficiency of the August 23 termination, rescinded the termination and paid back wages. Appellee then suspended Appellant and provided notice for the termination hearing as required by law. At the hearing, Appellant acknowledged the withdrawal of the initial termination and issuance of back pay. Appellant further acknowledged, on the record, that issue of the initial termination was resolved.

Appellant asserts before this Court, that he never agreed to the rescission of the termination; therefore, he maintains he was denied his due process rights. Appellant's claim that he did not agree to the rescission of the termination is without merit because there is no rule that the rescission of termination must be mutually accepted. Additionally, there is no indication that Appellant was forced, coerced, or tricked into agreeing the initial termination had been resolved.

The initial improper termination was properly addressed prior to Appellant's appeal; therefore, the Commission did not err in dismissing the first appeal.

*The Commission abused its discretion by finding Appellee carried its burden of proof*

Appellant's second assignment of error asserts the Commission committed an abuse of discretion in determining that Appellee had met the burden of proof and that the Commission's analysis was biased and prejudiced against Appellant.

Appellant proffers a list of items meant to demonstrate the Commission's unfair treatment including, but not limited to, alleging he was not allowed to submit a statement during the investigation, accusing Appellee of forgery, questioning Appellee's human resources department's authority to terminate employees, and pointing out witness testimony that contradicted Appellant's statements.

"[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Stobart v. State through Dep't of Transp. & Dev.*, 617 So. 2d 880, 882 (La. 1993) (citations omitted). "[R]easonable evaluations of credibility and reasonable inferences of fact *should not be disturbed upon review where conflict exists in the testimony*." *Id*. (citing *Rosell v. ESCO*, 549 So. 2d 840 (La.1989); *Arceneaux v. Domingue,* 365 So. 2d 1330 (La.1978) (emphasis added)). "When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal." *Razor v. New Orleans Dep't of Police*, 2004-2002 (La. App. 4 Cir. 2/15/06), 926 So. 2d 1, 4 (citations omitted). Appellant's disagreement with the Commission's determination is not sufficient to show abuse of discretion.

10

After reviewing the record, this Court is satisfied that the Commission considered everything before the hearing officer including testimony by Appellant and witnesses before making a reasoned determination. Appellant's allegations were not backed by proof beyond his own statements of belief. The Commission's decision to credit the testimony of the witnesses over the testimony of Appellant s was not unreasonable and did not amount to an abuse of discretion.

Appellant next alleges the Commission abused its discretion by allowing Appellee to present hearsay evidence. The alleged hearsay evidence was the written witness statements of Mr. Matthews and Yolanda Diaz detailing the Altercation. Per Appellant, these statement were hearsay because the witnesses gave conflicting descriptions of the Altercation and failed to identify that Mr. Matthews was holding a weapon.

Hearsay evidence is allowed in administrative hearings; therefore, an appellate court need not determine if the evidence offered was hearsay; but rather, is tasked with ensuring the hearsay evidence was competent evidence that had some degree of reliability and was the type of evidence a reasonable person would rely upon. *Taylor v. New Orleans Police Dep't.*, 2000-1992, p. 4 - 5 (La. App. 4 Cir. 12/12/01), 804 So. 2d 769, 772 - 73 (citing *Glazer Steel Corp. v. Administrator, Office of Employment Sec. Of State of La.,* 98–0441 (La. App. 4 Cir. 9/30/98), 719 So. 2d 674; *Spreadbury v. State, Dept. of Public Safety,* 99–0233 (La. App. 1 Cir. 11/5/99), 745 So. 2d 1204; *Brouillette v. State, Dept. of Public*

11

*Safety, License Control and Driver Imp. Div.,* 589 So. 2d 529 (La. App. 1 Cir.1991)).

In the instant case, there is no evidence the Commission was presented with the written witness statements. Both Mr. Matthews and Yolanda Diaz provided live testimony about the Altercation. Additionally, Appellant was afforded the opportunity to cross-examine both witnesses. The allegation of hearsay evidence is without merit.

Lastly, Appellant alleges the Commission abused its discretion in determining Appellee carried its burden because Appellee committed fraud in an attempt to justify the termination. This allegation was not argued before the Commission.

> 'Jurisprudence provides a 'longstanding general rule that issues not submitted to the trial court for decision will not be considered for the first time on appeal.' *Hurst v. Dep't of Police,* 2014-0119, p. 6 (La. App. 4 Cir. 7/23/14), 146 So. 3d 857, 860 (quoting *Jones v. Capitol Enterprises, Inc.,* 2011-0956, pp. 18-19 (La. App. 4 Cir. 5/9/12), 89 So. 3d 474, 487). 'The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.' Uniform Rules of Louisiana Courts of Appeal, Rule 1–3.

*Lewis v. Dep't of Hum. Servs.*, 2017-0608, p. 5-6 (La. App. 4 Cir. 3/21/18), 242 So. 3d 675, 679. Because Appellant did not raise the issue of fraud before the trial court we decline to consider this allegation on appeal.

The Commission made a reasonable determination after considering the record and testimony offered at the hearing. No hearsay was offered as evidence.

The Commission did not commit an abuse of discretion by finding appellee carried its burden of proof. This assignment of error is without merit.

## Conclusion

We conclude Appellant's due process rights were not violated because he was afforded the opportunity to be heard and confront his accusers. There was no evidence of any fraud alleged to have been committed by Appellee. The Commission did not abuse its discretion in weighing the evidence and ruling in favor of Appellee.

For the aforementioned reasons we affirm the Commission's ruling upholding Appellant's suspension and termination.

**AFFIRMED**